**Exhibit A**

**Proposed Bidding Procedures Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEC HOLDINGS CORP., *et al.*, [1] | Case No. 10-11890 (PJW) |
| Debtors. | Jointly Administered |
| | Re: Docket No. _____ |

## ORDER APPROVING AND AUTHORIZING (A) BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL THE ASSETS OF THE DEBTORS, (B) STALKING HORSE BID PROTECTIONS, (C) FORM AND MANNER OF NOTICE OF THE SALE HEARING, AND (D) RELATED RELIEF

Upon the portion of the motion (the "**Motion**")[2] of NEC Holdings Corp. and its

affiliates, as debtors and debtors-in-possession (collectively, the "**Debtors**"), for entry of an

order approving and authorizing (a) bidding procedures, including stalking horse bidder

protections, in connection with the receipt and analysis of competing bids for substantially all of

---

1      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: NEC Holdings Corp., a Delaware corporation (6395); National Envelope Corporation, a New York corporation (5935); National Envelope – WH LLC, a New York limited liability company (9721); National Envelope – AECO LLC, a Delaware limited liability company (9071); National Envelope – Chino LLC, a California limited liability company (9266); National Envelope – City of Industry, LLC, a California limited liability company (9710); National Envelope – Ennis LLC, a Delaware limited liability company (3868); National Envelope – Corsicana LLC, a Texas limited liability corporation (9716); National Envelope – Grand Prairie LLC, a Texas limited liability company (9258); National Envelope – Aurora LLC, a Colorado limited liability company (9712); National Envelope – Lenexa LLC, a Kansas limited liability company (9256); National Envelope – Appleton LLC, a Wisconsin limited liability company (9719); National Envelope – Elk Grove Village LLC, an Illinois limited liability company (9262); National Envelope – Scottdale LLC, a Pennsylvania limited liability company (9711); National Envelope Corporation – East, a New Jersey Corporation (6888); National Envelope – Specialties Group LLC, a Delaware limited liability company (9156); National Envelope – Houston LLC, a Texas limited liability company (9210); National Envelope – Shelbyville Equity LLC, a Delaware limited liability company (9255); National Envelope – Exton Equity LLC, a Delaware limited liability company (9354); National Envelope – Nashville Equity LLC, a Delaware limited liability company (9410); National Envelope – Houston Equity LLC, a Delaware limited liability company (9488); National Envelope – Leasing LLC, a Delaware limited liability company (9542); New York Envelope Corporation, a New York corporation (3186); National Envelope Corporation – North, a Massachusetts corporation (1548); National Envelope Corporation – South, a Georgia corporation (5404); National Envelope Corporation – Central, a Missouri corporation (8259); Old Colony Envelope Corporation, a Massachusetts corporation (4416); and Aristocrat Envelope Corporation, a New York corporation (9284). The mailing address for National Envelope Corporation is 333 Earle Ovington Blvd., Suite 1035, Uniondale, NY 11553.

2      All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

the assets of the Debtors, (b) procedures for the assumption and assignment of executory contracts and unexpired leases in connection with the Sale, (c) approving the form and manner of notice of the Sale and scheduling the sale hearing and setting related dates and deadlines and (d) other related relief, pursuant to sections 105(a), 363, 365 and, if applicable, 1146(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1, 6004-1 and 9006-1(b) of the Local Bankruptcy Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"); and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on [_____], 2010 (the "**Bidding Procedures Hearing**"); and this Court having reviewed the Motion and the exhibits thereto and the arguments of counsel made and the evidence proffered or adduced, as applicable, at the Bidding Procedures Hearing; and this Court having determined that the legal and factual bases set forth in the Motion and at the Bidding Procedures Hearing establish just cause for the relief granted herein; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having found the form and manner of notice of the Bidding Procedures Hearing is good, sufficient and appropriate under the circumstances and that no other or further notice need be provided or is necessary; and after due deliberation and sufficient cause appearing therefor, this Court

FINDS AND DETERMINES THAT:

**A.     Bidding Procedures**.  The Debtors have articulated good and sufficient reasons for authorizing and approving the Bidding Procedures attached as **Exhibit B** to the Motion (the "**Bidding Procedures**"), which are fair, reasonable and appropriate under the circumstances and designed to maximize the recovery on, and realizable value of, the Acquired Assets.

**B.     Stalking Horse Bid Protections**.  The Debtors have demonstrated a compelling and sound business justification for authorizing the payment of the Break-Up Fee and the Reimbursable Expenses (collectively, the "**Bid Protections**") to the Stalking Horse Bidder under the circumstances, including, without limitation, that:

     i.    the Bid Protections are the product of negotiations among the Debtors and the Stalking Horse Bidder conducted in good faith and at arm's-length, and the APA (including the Bid Protections) is the culmination of a process undertaken by the Debtors and their professionals to negotiate a transaction with a bidder who was prepared to pay the highest or otherwise best purchase price to date for the Acquired Assets in order to maximize the value of the Debtors' estates;

     ii.    the Bid Protections are an actual and necessary cost and expense of preserving the respective Debtors' estates;

     iii.    the Bid Protections are fair, reasonable and appropriate in light of, among other things, the size and nature of the proposed Sale under the APA, the substantial efforts that have been and will be expended by the Stalking Horse Bidder, notwithstanding that the proposed sale is subject to higher or better offers, and the substantial benefits the Stalking Horse Bidder has provided to the Debtors, their estates and creditors and all parties in interest herein, including, among other things, by increasing the likelihood that the best possible price for the Acquired Assets will be received;

     iv.    the protections afforded to the Stalking Horse Bidder by way of the Bid Protections were material inducements for, and express conditions of, the Stalking Horse Bidder's willingness to enter into the APA, and were necessary to ensure that the Stalking Horse Bidder would continue to pursue the proposed acquisition on terms acceptable to the Debtors in their sound business judgment, subject to competitive bidding; and

     v.    the assurance of the payment of the Bid Protections has promoted more competitive bidding by inducing the Stalking Horse Bidder's bid, which

otherwise would not have been made, without which competitive bidding would be limited, and which may be the highest and best available offer for the Acquired Assets, induced the Stalking Horse Bidder to conduct due diligence with respect to the Debtors' business, assets, operations and liabilities, and propose the Sale contemplated by the APA, including, among other things, submission of a bid that will serve as a minimum or floor bid on which all other bidders can rely and increases the likelihood that the final purchase price reflects the true value of the Acquired Assets.

C. **Assumption Procedures**. The Motion and the Contract Notice are reasonably calculated to provide counterparties to the Assumed Contracts with proper notice of the intended assumption and assignment of their executory contracts or unexpired leases, any Cure Amounts relating thereto and the Assumption and Assignment Procedures.

D. **Sale Notice**. The Sale Notice is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, including, without limitation: (i) the date, time and place of the Auction (if one is held); (ii) the Bidding Procedures and the dates and deadlines related thereto; (iii) the objection deadline for the sale motion and the date, time and place of the Sale Hearing; (iv) reasonably specific identification of the Acquired Assets; (v) instructions for promptly obtaining a copy of the APA; (vi) representations describing the Sale as being free and clear of liens, claims, interests and other encumbrances (other than any claims and defenses of a consumer under any consumer credit transaction that is subject to the Truth in Lending Act or a consumer credit contract), with all such liens, claims, interests and other encumbrances attaching with the same validity and priority to the sale proceeds; (vi) the commitment by the Stalking Horse Bidder to assume certain liabilities of the Debtors; and (vii) notice of the proposed assumption and assignment of contracts and leases to the Stalking Horse Bidder pursuant to the APA (or to another Successful Bidder arising from the Auction, if any), the proposed cure amounts relating thereto and the right, procedures and deadlines for objecting thereto, and no other or further notice of the Sale shall be required.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted to the extent set forth herein.

## I. Important Dates and Deadlines

2. **Sale Hearing**. August 23, 2010, at 10:00 a.m. prevailing Eastern Time, is the date and time the sale hearing (the "**Sale Hearing**") will be held before the Honorable Judge Peter J. Walsh, United States Bankruptcy Judge for the Bankruptcy Court for the District of Delaware, at: 824 North Market Street, 6th Floor, Wilmington, Delaware 19801. Any obligations of the Debtors set forth in the APA that are intended to be performed prior to the Sale Hearing and/or entry of the Sale Order pursuant to the APA are authorized as set forth herein and are fully enforceable as of the date of entry of this order. **Please take notice that:** the Sale Hearing (or any portion thereof) may be adjourned by this Court or the Debtors from time to time without further notice other than by announcement in open court or on this Court's calendar.

3. **Sale Objection Deadline**. August 16, 2010 at 4:00 p.m. prevailing Eastern Time, is the deadline to object to entry of the proposed Sale Order (the "**Sale Objection Deadline**"). Objections, if any, **must**: (i) be in writing; (ii) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (iii) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (iv) be filed with this Court and served so *actually received* no later than the Sale Objection Deadline by the following parties (the "**Notice Parties**"):

| Debtors | Counsel to Debtors |
|---|---|
| National Envelope Corp.<br>33 Earle Ovington Boulevard, Suite 1035<br>Uniondale, NY 11553<br>Attn: Dale Nissenbaum, General Counsel | Latham & Watkins LLP<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Attn: Josef S. Athanas, Esq. and<br>Stephen R. Tetro II, Esq.<br><br>Young Conaway Stargatt & Taylor, LLP<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>Attn: Michael R. Nestor, Esq. and<br>Kara Hammond Coyle, Esq. |
| **Counsel to the Agent for the DIP Lenders** | **United States Trustee** |
| Paul Hastings, Janofsky & Walker LLP<br>600 Peachtree Street, N.E., 24th Floor<br>Atlanta, GA 30308<br>Attn: Jesse H. Austin, III, Esq.<br><br>Reed Smith LLP<br>1201 Market Street, Suite 1500<br>Wilmington, DE 19801<br>Attn: Kurt F. Gwynne, Esq. | Office of the United States Trustee<br>for the District of Delaware<br>844 King Street<br>J. Caleb Boggs Federal Building<br>Room 2207, Lockbox 35<br>Wilmington, DE 19801<br>Attn: David M. Klauder, Esq. |
| **Counsel to the Debtors' Shareholders** | **Counsel to the Creditors' Committee** |
| Moses and Singer, LLP<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, NY 10174-1299<br>Attn: Allan Grauberd, Esq.<br><br>Hahn & Hessen, LLP<br>488 Madison Avenue<br>New York, NY 1022<br>Attn: Don D. Grubman, Esq.<br><br>Halperin Battaglia Raight LLP<br>555 Madison Avenue, 9th Floor<br>New York, NY 10022<br>Attn: Alan D. Halperin, Esq. | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 36th Floor<br>New York, NY 10017<br>Attn: Robert J. Feinstein, Esq.<br><br>Pachulski Stang Ziehl & Jones LLP<br>919 N. Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>Attn: Bradford J. Sandler, Esq. |
| **Counsel to the Stalking Horse Bidder** | |
| Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Attn: Kyle C. Krpata<br><br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Attn: Robert J. Lemons | |

> The failure to timely file an objection in accordance with this order shall forever bar the assertion of any objection to the Motion, entry of the Sale Order and/or consummation of the Sale, including the assumption and assignment of contracts and leases to the Successful Bidder pursuant to the APA, and shall be deemed to constitute any such party's consent to entry of the Sale Order and consummation of the Sale and all transactions related thereto.

4. **Response Deadline**. August 18, 2010 at 4:00 p.m. prevailing Eastern Time, is the deadline for filing a response to any timely-filed objection to entry of the Sale Order with this Court; *provided*, that such deadline may be extended by agreement of the Debtors and the affected objecting party.

5. **Competitive Bidding**. The following dates and deadlines regarding competitive bidding are hereby established (subject to modification as needed):

a. **Preliminary Bid Deadline**: July 30, 2010, is the deadline by which anyone interested in participating in the bidding process must deliver the "Preliminary Bid Documents" (as defined in the Bidding Procedures) to the Debtors, the Debtors' counsel, the Debtors' investment banker, and counsel to the administrative agent for the lenders under the Debtors' prepetition credit agreement and debtor-in-possession credit agreement;

b. **Qualified Bid Deadline**: August 16, 2010 at 9:00 a.m. prevailing Eastern Time, is the deadline by which all "Qualified Bids" (as defined in the Bidding Procedures) must be *actually received* by the parties specified in the Bidding Procedures (the "**Bid Deadline**"); and

c. **Auction**: August 20, 2010 at 9:00 a.m. prevailing Eastern Time, is the date and time the Auction, if one is needed, will be held at the offices of counsel to the Debtors: Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022-4834.

## II. Bidding Procedures and Related Relief

### A. Bidding Procedures

6. The Bidding Procedures, substantially in the form annexed to the Motion as **Exhibit B** and incorporated by reference as though fully set forth herein, are hereby approved to the extent set forth herein. The Bidding Procedures shall govern the submission, receipt and analysis of all bids relating to the proposed Sale, and any party desiring to submit a higher or

better offer for the Acquired Assets shall do so strictly in accordance with the terms of the Bidding Procedures and this Order.

7. The Bid Protections described in the Motion are hereby approved to the extent set forth herein. The Debtors are authorized to pay any and all amounts owing to the Stalking Horse Bidder in accordance with the terms of the APA, including the Break-up Fee and the Reimbursable Expenses, without further order of this Court, except as otherwise provided herein.

8. In the event the Stalking Horse Bidder is entitled to payment of the Bid Protections as the result of the closing of a Competing Transaction (as defined in the APA), cash in the amount of such Bid Protections shall be paid by the Competing Purchaser (as defined in the APA) directly to the Stalking Horse Bidder promptly upon the closing of the Competing Transaction.

9. As described in the Bidding Procedures, if the Debtors do not receive any Qualified Bids other than from the Stalking Horse Bidder or if no Qualified Bidder other than the Stalking Horse Bidder indicates its intent to participate in the Auction, the Debtors will not hold the Auction, the Stalking Horse Bidder will be named the Successful Bidder and the Debtors will seek approval of the APA at the Sale Hearing. If one or more Qualified Bids is timely received from a Qualified Bidder (other than the Stalking Horse Bidder) in accordance with the Bidding Procedures, the Debtors shall conduct the Auction as set forth herein.

10. If the Auction is conducted, each Qualified Bidder participating in the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding process or the Sale, the Auction will be conducted openly and shall be transcribed or videotaped.

## III. Assumption Procedures

11. The following procedures regarding the assumption and assignment of certain executory contracts and unexpired leases in connection with the Sale are hereby approved to the

extent set forth herein, and shall govern the assumption and assignment of all executory contracts and unexpired leases proposed to be assumed by the Debtors pursuant to Section 365(b) of the Bankruptcy Code and assigned to the Stalking Horse Bidder (or other successful bidder following the Auction, if any) pursuant to Section 365(f) of the Bankruptcy Code under the APA:

a.  **Initial Designation Deadline and Subsequent Designation Deadline**. On or before the "Initial Designation Deadline," the Successful Bidder shall have the right pursuant to the APA to (a) designate certain contracts and leases by amending the "Assumed Contract List" and (b) designate any "Identified Assumed Contract" that is not to be an "Assumed Contract" by amending the Assumed Contract List to remove such Assumed Contract. Unless otherwise agreed to by the Successful Bidder and the Debtors in writing, the "Subsequent Designation Deadline" shall be December 17, 2010. On or before the Subsequent Designation Deadline, the Successful Bidder shall have the right pursuant to the Agreement to designate any Lease that is not already an Identified Assumed Contract as an Assumed Contract by amending the Assumed Contract List.

b.  **Notices for Assumed Contracts**. The Debtors shall serve, on all of the non-debtor counterparties to Assumed Contracts listed on the Assumed Contract List as of the Initial Designation Deadline, a "Contract Notice" that included, to the extent applicable (a) the Assumed Contract, (b) the name of the counterparty to such Assumed Contract, (c) the cure amount for such Assumed Contract, (d) the identity of the assignee for such Assumed Contract, and (e) the deadline by which any such Assumed Contract counterparty must file a "Contract Objection" to the proposed assumption and assignment, and no other or further notice will be required with respect to the Assumed Contracts listed on the Assumed Contract List as of the Initial Designation Deadline.

c.  **Objections to Assumption of Contracts**. For all non-debtor counterparties to an Assumed Contract served a Contract Notice in accordance with the Sale Order, ten or more days prior to the Sale Hearing, to which no Contract Objection was timely filed, such Assumed Contract shall be deemed assumed and assigned in accordance with the Contract Notice. For all non-debtor counterparties to an Assumed Contract served with a Contract Notice less than ten days prior to the Sale Hearing, if a timely filed Contract Objection is not received, the counterparty to such Assumed Contract shall be deemed to have consented to such assumption and assignment and cure amount, and the assignment will be deemed effective as of the date of the Sale Order. If any

counterparty timely files a Contract Objection that cannot be resolved by the Successful Bidder and the counterparty, the Court shall resolve such Contract Objection prior to assumption and assignment of such designated contract, and upon entry of an order by the Court resolving such Contract Objection, the assignment shall be deemed effective as of the date set forth in the Contract Notice.

d.   **Notices for Assumed Leases.**   Within five business days after the designation of a lease as a "Assumed Lease" pursuant to Section 2(i)(vi) of the APA, the Debtors shall serve, on the counterparty to such Assumed Lease, a Contract Notice that includes, to the extent applicable (a) the Assumed Lease, (b) the name of the counterparty to such Assumed Lease, (c) the cure amount for such Assumed Lease, (d) the identity of the assignee for such Assumed Lease, and (e) the deadline by which any such Assumed Lease counterparty must file a Contract Objection to the proposed assumption and assignment (including any objection to the cure amount for such Lease or to adequate assurance of future performance thereunder), which deadline shall not be less than ten days following the service of the Contract Notice, and no other or further notice is required.

e.   **Objections to Assumption of Leases.**   If a timely filed Contract Objection is not received, the counterparty to such Assumed Lease shall be deemed to have consented to such assumption and assignment and Cure Amount, and the assignment will be deemed to be effective on such date. If any counterparty timely files a Contract Objection that cannot be resolved by the Successful Bidder and the counterparty, the Court shall resolve such Contract Objection prior to the assumption and assignment of such designated contract, and upon entry of an order by the Court resolving such Contract Objection, the assumption and assignment of such designated contract shall be deemed effective as of the date set forth in the Contract Notice.

12.   Any party failing to timely file an objection to the assumption and assignment of any contract or lease or related cure amount specified on a Contract Notice shall be forever barred from objecting thereto, including asserting any additional cure or other default amounts against the Debtors or any of the Debtors' estates, the Stalking Horse Bidder or other Successful Bidder with respect to such executory contract(s) or unexpired lease(s) and shall be deemed to consent to the Sale and the assumption and assignment of such executory contract(s) or unexpired lease(s) effectuated in connection therewith.

**A.      Sale Hearing Notice and Related Relief**

13.      The Sale Notice, substantially in the form annexed as **Exhibit D** to the Motion, is hereby approved. Within two (2) days of the entry of this Order, the Debtors shall cause the Sale Notice to be served upon, without limitation, (i) the U.S. Trustee; (ii) the members of and counsel to the Committee; (iii) counsel to the agent for the DIP lenders; (iv) counsel to the Term B Lenders under the Debtors' prepetition credit agreement; (v) the attorneys general for each of the States in which the Debtors conduct operations; (vi) all taxing authorities having jurisdiction over any of the Purchased Assets, including the Internal Revenue Service; (vii) the Environmental Protection Agency, (vii) the New Jersey Environmental Protection Agency, (viii) the Pension Benefit Guaranty Corporation; (ix) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002; (x) any parties who have expressed a written interest in the Acquired Assets; (xi) parties who are known or reasonably believed to have asserted any lien, encumbrance, claim or other interest in the Acquired Assets, and (xii) all governmental agencies that is an interested party with respect to the Sale and transactions proposed thereunder.

14.      The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this order.

15.      The requirements set forth in Local Rule 9013-1 are satisfied by the contents of the Motion.

16.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from, based upon or related to this order.

Date:       July ___, 2010
            Wilmington, Delaware                    _____
                                                    The Honorable Judge Peter J. Walsh
                                                    United States Bankruptcy Judge