# Exhibit F

## Sale Notice

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEC HOLDINGS CORP., et al.,[1] | Case No. 10-11890 (PJW) |
| Debtors. | (Jointly Administered) |

## NOTICE OF PUBLIC AUCTION AND SALE HEARING

("**Sale Notice**")

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), have entered into an asset purchase agreement, dated July 8, 2010, 2010 (the "**APA**")[2], with NEV Holdings, LLC, a Delaware limited liability company, formed by Gores Group, LLC (the "**Stalking Horse Bidder**") to sell substantially all of the assets of the Debtors free and clear of all liens, claims, encumbrances and other interests to the Stalking Horse Bidder, subject to the submission of higher or better offers in an auction process (the "**Auction**").

**PLEASE TAKE FURTHER NOTICE** that in connection with the proposed sale (the "**Sale**") to the Stalking Horse Bidder, on July 9, 2010, the Debtors filed a motion [Docket No. [___] the ("**Motion**") approving and authorizing, among other things, (a) bidding procedures governing the Sale, (b) payment of a break-up fee and reimbursable expenses to the Stalking Horse Bidder

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: NEC Holdings Corp., a Delaware corporation (6395); National Envelope Corporation, a New York corporation (5935); National Envelope – WH LLC, a New York limited liability company (9721); National Envelope – AECO LLC, a Delaware limited liability company (9071); National Envelope – Chino LLC, a California limited liability company (9266); National Envelope – City of Industry, LLC, a California limited liability company (9710); National Envelope – Ennis LLC, a Delaware limited liability company (3868); National Envelope – Corsicana LLC, a Texas limited liability corporation (9716); National Envelope – Grand Prairie LLC, a Texas limited liability company (9258); National Envelope – Aurora LLC, a Colorado limited liability company (9712); National Envelope – Lenexa LLC, a Kansas limited liability company (9256); National Envelope – Appleton LLC, a Wisconsin limited liability company (9719); National Envelope – Elk Grove Village LLC, an Illinois limited liability company (9262); National Envelope – Scottdale LLC, a Pennsylvania limited liability company (9711); National Envelope Corporation – East, a New Jersey Corporation (6888); National Envelope – Specialties Group LLC, a Delaware limited liability company (9156); National Envelope – Houston LLC, a Texas limited liability company (9210); National Envelope – Shelbyville Equity LLC, a Delaware limited liability company (9255); National Envelope – Exton Equity LLC, a Delaware limited liability company (9354); National Envelope – Nashville Equity LLC, a Delaware limited liability company (9410); National Envelope – Houston Equity LLC, a Delaware limited liability company (9488); National Envelope – Leasing LLC, a Delaware limited liability company (9542); New York Envelope Corporation, a New York corporation (3186); National Envelope Corporation – North, a Massachusetts corporation (1548); National Envelope Corporation – South, a Georgia corporation (5404); National Envelope Corporation – Central, a Missouri corporation (8259); Old Colony Envelope Corporation, a Massachusetts corporation (4416); and Aristocrat Envelope Corporation, a New York corporation (9284). The mailing address for National Envelope Corporation is 333 Earle Ovington Boulevard, Suite 1035, Uniondale, NY 11553.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the APA.

in certain instances, including if the Stalking Horse Bidder is not the successful bidder at the Auction, (c) the form and manner of notices related to the Sale and (d) procedures related to the assumption and assignment of executory contracts and unexpired leases in connection with the Sale.

**PLEASE TAKE FURTHER NOTICE** that, on [_____], 2010, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order [Docket No. [___] (the "**Bidding Procedures Order**") approving the bidding procedures (the "**Bidding Procedures**"), which set the key dates and times related to the Sale. All interested bidders should carefully read the Bidding Procedures. To the extent that there are any inconsistencies between the Bidding Procedures and the summary description of its terms and conditions in this Notice, the terms of the Bidding Procedures shall control.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion, Bidding Procedures and Bidding Procedures Order, as well as all related exhibits including the APA, are available on the website of the Court-appointed claims, noticing soliciting and balloting agent for these cases, The Garden City Group, Inc., at www.NationalEnvelopeInfo.com or can be requested by calling (866) 405-2134.

**PLEASE TAKE FURTHER NOTICE** that, if the Debtors receives qualified competing bids within the requirements and time frame specified by the Bidding Procedures, the Debtors will conduct an auction for the Sale on August 20, 2010 at 9:00 a.m. prevailing Eastern Time at the offices of Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022, or at any such other location as the Debtors may hereafter designate (with notice of such alternate location given to all qualified bidders under the Bidding Procedures).

**PLEASE TAKE FURTHER NOTICE** that the Debtors will seek approval of the Sale before the Honorable Judge Peter J. Walsh, United States Bankruptcy Judge, at the 824 North Market Street, 6th Floor, Wilmington, Delaware 19801, on August 23, 2010 at 10:00 a.m. prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Motion if any, **must**: (i) be in writing; (ii) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (iii) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (iv) be filed with the Court and served so *actually received* no later than the Sale Objection Deadline by the following parties (the "**Notice Parties**"):

| Debtors | Counsel to Debtors |
|---|---|
| National Envelope Corp.<br>33 Earle Ovington Boulevard, Suite 1035<br>Uniondale, NY 11553<br>Attn: Dale Nissenbaum, General Counsel | Latham & Watkins LLP<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Attn: Josef S. Athanas, Esq. and<br>Stephen R. Tetro II, Esq.<br><br>Young Conaway Stargatt & Taylor, LLP<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>Attn: Michael R. Nestor, Esq. and<br>Kara Hammond Coyle, Esq. |
| **Counsel to the Agent for the DIP Lenders** | **United States Trustee** |
| Paul Hastings, Janofsky & Walker LLP<br>600 Peachtree Street, N.E., 24th Floor<br>Atlanta, GA 30308<br>Attn: Jesse H. Austin, III, Esq.<br><br>Reed Smith LLP<br>1201 Market Street, Suite 1500<br>Wilmington, DE 19801<br>Attn: Kurt F. Gwynne, Esq. | Office of the United States Trustee<br>for the District of Delaware<br>844 King Street<br>J. Caleb Boggs Federal Building<br>Room 2207, Lockbox 35<br>Wilmington, DE 19801<br>Attn: David M. Klauder, Esq. |
| **Counsel to the Debtors' Shareholders** | **Counsel to the Creditors' Committee** |
| Moses and Singer, LLP<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, NY 10174-1299<br>Attn: Allan Grauberd, Esq.<br><br>Hahn & Hessen, LLP<br>488 Madison Avenue<br>New York, NY 1022<br>Attn: Don D. Grubman, Esq.<br><br>Halperin Battaglia Raight LLP<br>555 Madison Avenue, 9th Floor<br>New York, NY 10022<br>Attn: Alan D. Halperin, Esq. | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 36th Floor<br>New York, NY 10017<br>Attn: Robert J. Feinstein, Esq.<br><br>Pachulski Stang Ziehl & Jones LLP<br>919 N. Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>Attn: Bradford J. Sandler, Esq. |
| **Counsel to the Stalking Horse Bidder** | |
| Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Attn: Kyle C. Krpata<br><br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Attn: Robert J. Lemons | |

**PLEASE TAKE FURTHER NOTICE THAT** a <u>printed copy</u> of any objections to the Motion or entry of the Bidding Procedures Order must also be delivered via first class mail within one business day of the Objection Deadline to the: Office of the United States Trustee for the District of Delaware, Attn: David Klauder, 844 King Street, Wilmington, Delaware 19801.

## CONSEQUENCES OF FAILING TO TIMELY FILE AND SERVE AN OBJECTION

ANY PARTY OR ENTITY WHO FAILS TO TIMELY FILE AND SERVE AN OBJECTION TO THE SALE ON OR BEFORE THE OBJECTION DEADLINE IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE, INCLUDING WITH RESPECT TO THE TRANSFER OF THE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS EFFECTED THEREUNDER.

### NO SUCCESSOR OR TRANSFEREE LIABILITY

The proposed Sale Order provides that the Buyer will have no responsibility for, and the assets will be sold free and clear of, any successor liability, including the following:

Neither the Purchaser nor its affiliates shall be deemed, as a result of any action taken in connection with the purchase of the Acquired Assets, to: (a) be a successor (or other such similarly situated party) to any of the Debtors (other than with respect to the Assumed Liabilities as expressly stated in the Agreement), including a "successor employer" for the purposes of the Internal Revenue Code of 1986 or the Employee Retirement Income Security Act of 1974 or other applicable laws; (b) have, *de facto* or otherwise, merged with or into any of the Debtors; (c) be a mere continuation of the Debtors or their estates (and there is no continuity of enterprise between the Purchaser and the Debtors); or (d) be holding itself out to the public as a continuation of the Debtors. Except for the Assumed Liabilities, the Purchaser shall have no liability or responsibility for any liability or other obligation of the Debtors arising under or related to the Acquired Assets or otherwise. Without limiting the generality of the foregoing, and except for the Assumed Liabilities, the Purchaser shall not be liable for any claims against the Debtors or any of their predecessors or affiliates, and the Purchaser, and each of their Affiliates shall have no successor or vicarious liabilities of any kind or character including but not limited to any theory of antitrust, environmental, successor or transferee liability, labor law, *de facto* merger, or substantial continuity, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtors or any obligations of the Debtors, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of the Debtors' business prior to the Closing.

### IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, PLEASE CONTACT THE RESTRUCTURING HOTLINE AT 866-405-2134