IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEC HOLDINGS CORP., *et al.*,[1] | Case No. 10-11890 (PJW) |
| Debtors. | Jointly Administered |
| | **Related Docket No. 159** |

**RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING AND AUTHORIZING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL THE ASSETS OF DEBTORS AND STALKING HORSE BID PROTECTIONS AND GRANTING RELATED AND OTHER RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submits this Reservation of Rights to the *Debtors' Motion for Entry of (I) an Order Approving and Authorizing (A) Bidding Procedures in Connection with the Sale of Substantially All the Assets of Debtors, (B) Stalking Horse Bid Protections, (C) the Form and Manner of Notice of the Sale Hearing and (D) Other Related Relief; and (II) an Order Approving and Authorizing (A) the Sale of Substantially All of the Assets of the Debtors Free and Clear of Liens, Claims, Interests and Encumbrances, (B) the Assumption and Assignment of Executory Contracts and Unexpired*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: NEC Holdings Corp. (6395); National Envelope Corporation (5935); National Envelope – WH LLC (9721); National Envelope – AECO LLC (9071); National Envelope – Chino LLC (9266); National Envelope – City of Industry, LLC (9710); National Envelope – Ennis LLC (3868); National Envelope – Corsicana LLC (9716); National Envelope – Grand Prairie LLC (9258); National Envelope – Aurora LLC (9712); National Envelope – Lenexa LLC (9256); National Envelope – Appleton LLC (9719); National Envelope – Elk Grove Village LLC (9262); National Envelope – Scottdale LLC (9711); National Envelope Corporation – East (6888); National Envelope – Specialties Group LLC (9156); National Envelope – Houston LLC (9210); National Envelope – Shelbyville Equity LLC (9255); National Envelope – Exton Equity LLC (9354); National Envelope – Nashville Equity LLC (9410); National Envelope – Houston Equity LLC (9488); National Envelope – Leasing LLC (9542); New York Envelope Corporation (3186); National Envelope Corporation – North (1548); National Envelope Corporation – South (5404); National Envelope Corporation – Central (8259); Old Colony Envelope Corporation (4416); and Aristocrat Envelope Corporation (9284).

*Leases as Part of the Sale and (C) Other Related Relief* (the "Motion").[2] In support of its Reservation of Rights, the Committee respectfully states as follows:

## The Motion

1. By the Motion, the Debtors seek authorization to sell substantially all of their assets (the "Assets"), free and clear of all liens, to the bidder who submits the highest or best offer for the Assets at an auction proposed to be scheduled for August 20, 2010 (the "Auction"). A "stalking horse" bid has been submitted by NEV Holdings, LLC.

## The Cenveo Objection

2. The Committee is aware that disputes have arisen between the Debtors and Cenveo regarding Cenveo's participation in the auction process. The Committee is informed and believes that Cenveo feels that it is not being treated fairly in connection with its efforts to conduct due diligence. The Committee is also informed and believes that the Debtors have been reluctant to provide Cenveo with certain information they believe is highly sensitive given that Cenveo is the Debtors' major competitor until Cenveo demonstrated its financial wherewithal to consummate a transaction. The Committee has been closely monitoring discussions between the Debtors and Cenveo in an effort to broker a resolution of the outstanding issues that will ensure a robust sale process which will maximize value for the Debtors' creditor constituencies while at the same time addressing the Debtors' legitimate concerns. To balance the Debtors' and Cenveo's competing interests, the Committee made a proposal that it hoped would resolve the existing disputes and allow parties to concentrate on the sale process rather than arguing over the process. The Committee's proposal is contained in an email from Committee counsel to Cenveo's and the Debtors' counsel, a copy of which is attached as Exhibit A.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

## Reservation of Rights

3. The Committee is not objecting to the proposed Motion and sale of the Assets. However, the Committee stresses that its decision not to object to the Motion is based on the settlement reached with the Debtors, GECC, the Term B Lenders and International Paper regarding the Final Order (I) Authorizing Debtors To Obtain Postpetition Financing Pursuant To Section 364 Of The Bankruptcy Code, (II) Authorizing The Use Of Cash Collateral Pursuant To Section 363 Of The Bankruptcy Code,(III) Granting Adequate Protection To The Prepetition Lenders Pursuant To Sections 361, 362, 363 And 364 Of The Bankruptcy Code, And (Iv) Granting Liens And Superpriority Claims (the "Final DIP Order"). The Debtors have represented that they will modify the order approving the Motion (the "Bid Procedures Order") such that it includes relevant language from the Final DIP Order. As such, by this Reservation of Rights, the Committee reserves its rights to object to the Motion and the Bid Procedures Order to the extent that the Bid Procedures Order is not modified to its satisfaction.

4. Additionally, to the extent the Debtors and Cenveo do not accept the proposal as set forth by the Committee in the Email, the Committee reserves its right to respond to Cenveo's objection to the Motion and its right to object to the Motion.

**WHEREFORE**, the Committee reserves its rights to object to the Motion and the Bid Procedures Order to the extent that the Bid Procedures Order is not modified to its satisfaction.

Dated:  July 20, 2010

PACHULSKI STANG ZIEHL & JONES LLP

_/s/ Bradford J. Sandler_
Jeffrey N. Pomerantz (CA Bar No. 143717)
Robert J. Feinstein, Esq. (NY Bar No. RF2836)
Bradford J. Sandler, Esq. (DE Bar No. 4142)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899
Telephone: (302) 652-4100
Facsimile: (302) 778-0937

Proposed Counsel for the
Official Committee of Unsecured Creditors