## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>NEC HOLDINGS CORP., *et al.*,[1]<br>          **Debtors.** | Chapter 11<br><br>Case No. 10-11890 (PJW)<br><br>  Jointly Administered |

## GLOBAL NOTES AND STATEMENT OF
## LIMITATIONS, METHODOLOGY, AND DISCLAIMER
## REGARDING THE DEBTORS' SHEDULES OF ASSETS
## AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

NEC Holdings Corp. ("**NEC**") and its subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**"), have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**SOFAs**", and collectively with the Schedules, the "**Schedules and Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: NEC Holdings Corp., a Delaware corporation (6395); National Envelope Corporation, a New York corporation (5935); National Envelope – WH LLC, a New York limited liability company (9721); National Envelope – AECO LLC, a Delaware limited liability company (9071); Envelope – Chino LLC, a California limited liability company (9266); National Envelope – City of Industry, LLC, a California limited liability company (9710); National Envelope – Ennis LLC, a Delaware limited liability company (3868); National Envelope – Corsicana LLC, a Texas limited liability corporation (9716); National Envelope – Grand Prairie LLC, a Texas limited liability company (9258); National Envelope – Aurora LLC, a Colorado limited liability company (9712); National Envelope – Lenexa LLC, a Kansas limited liability company (9256); National Envelope – Appleton LLC, a Wisconsin limited liability company (9719); National Envelope – Elk Grove Village LLC, an Illinois limited liability company (9262); National Envelope – Scottdale LLC, a Pennsylvania limited liability company (9711); National Envelope Corporation – East, a New Jersey Corporation (6888); National Envelope – Specialties Group LLC, a Delaware limited liability company (9156); National Envelope – Houston LLC, a Texas limited liability company (9210); National Envelope – Shelbyville Equity LLC, a Delaware limited liability company (9255); National Envelope – Exton Equity LLC, a Delaware limited liability company (9354); National Envelope – Nashville Equity LLC, a Delaware limited liability company (9410); National Envelope – Houston Equity LLC, a Delaware limited liability company (9488); National Envelope – Leasing LLC, a Delaware limited liability company (9542); New York Envelope Corporation, a New York corporation (3186); National Envelope Corporation – North, a Massachusetts corporation (1548); National Envelope Corporation – South, a Georgia corporation (5404); National Envelope Corporation – Central, a Missouri corporation (8259); Old Colony Envelope Corporation, a Massachusetts corporation (1748); and Aristocrat Envelope Corporation, a New York corporation (9284). The mailing address for National Envelope Corporation is 333 Earle Ovington Blvd., Suite 1035, Uniondale, NY 11553.

James Shelby Marlow of the Debtors has signed the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Marlow has necessarily relied upon the efforts, statements, and representations of various personnel of the Debtors. Mr. Marlow has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Schedules and Statements (the "***Global Notes***") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.[2] In the event that the Schedules and Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled to the Debtors' financial statements (whether publicly filed or otherwise). The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. The Debtors have made reasonable and good faith efforts to ensure the accuracy and completeness of such financial information, but further research or discovery may identify subsequent information that may necessitate material amendments to the Schedules and Statements. As a result, the Debtors are unable to warrant or represent that the Schedules and Statements are without inadvertent errors, omissions, or inaccuracies. The Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary and appropriate.

Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, without limitation, any issues involving substantive consolidation, equitable subordination, offsets or defenses, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

1. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

    a) Amendments and Supplements. While the Debtors made reasonable and good faith efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary and appropriate.

---

[2] These Global Notes supplement the specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors have prepared a "Specific Note" with respect only to specific Schedules and Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such Specific Note to any of the Debtors' remaining Schedules and Statements, as appropriate.

b) <u>Bankruptcy Court Orders</u>.  Pursuant to various orders entered by the Bankruptcy Court (collectively, the "***Pre-Petition Payment Orders***"), the Debtors were authorized to pay certain outstanding pre-petition claims, including, without limitation, certain claims of employees for wages, salaries and benefits, certain tax claims, and certain claims of customers and essential suppliers.  The pre-petition obligations that have been paid pursuant to the Pre-petition Payment Orders have not been listed in the Schedules.  However, despite the Debtors' good faith efforts to account for the satisfaction of such claims pursuant to the Pre-Petition Payment Orders, the claims listed in the Schedules may not reflect application of all amounts paid pursuant to the Pre-Petition Payment Orders, as such claims were unpaid as of June 10, 2010 (the "***Petition Date***").  To the extent possible, the Debtors have indicated that these claims are contingent in light of the fact that they may be satisfied postpetition.  Moreover, to the extent such claims are listed on the Schedules and Statements, inadvertently or otherwise, the Debtors do not waive any right to amend the Schedules and Statements and/or subsequently object to such claims on any basis, including that such claims have already been satisfied through payments with respect to the Pre-Petition Payment Orders.

c) <u>Claims Description</u>.  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to dispute any claim, whether reflected on their respective Schedules and Statements or asserted pursuant to a filed proof of claim, on any grounds, including, without limitation, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated."

d) <u>Classifications</u>.  Listing a claim or contract (1) on Schedule D as "secured," (2) on Schedule F as "unsecured," or (3) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to re-characterize or reclassify such claim or contract or an admission by the Debtors that any contract or lease is executory or unexpired.

e) <u>Causes of Action</u>.  Despite reasonable and good faith efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements.  The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.  Similarly, in instances where the Debtors are defendants in pending causes of action, nothing in the Global Notes or the Schedules and Statements shall be deemed as an admission or determination with respect to, or a waiver of any defense or objection to, such causes of action, and all of the

Debtors' defenses, objection and other rights with respect to such causes of action are hereby preserved.

f) <u>Confidential, Private, and Commercially Sensitive Information</u>.  In certain instances, the Debtors may have intentionally altered, revised, redacted or consolidated certain information in the Schedules and Statements due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information or concerns for the privacy of an individual.  In addition, in certain instances, the sensitivity of such information may require its omission from the Schedules and Statements.  To the extent possible, the alterations, redactions, consolidations and omissions have been limited to the extent determined by the Debtors to be necessary or appropriate to protect the Debtors or third parties while also providing interested parties with sufficient information in response to the Schedules and Statements.

g) <u>Schedules and Statement Reflect Assets at Net Book Value</u>.  In certain instances, market valuations are neither maintained by, nor readily available to, the Debtors.  In other instances, market valuations are available but they are out-of-date.  It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect the Debtors' assets at estimated net book values.  Market values of these assets may vary, at some times materially, from the net book value of such assets.  As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value.

h) <u>Estimates and Assumptions</u>.  In preparing the Schedules and Statements, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosure and potential values of assets and liabilities on the date of the Schedules and Statements and the reported amounts of revenues and expenses during the reporting period.  Actual results could differ from those estimates, perhaps materially.

i) <u>Executory Contracts and Unexpired Leases</u>.  The Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts may have some value to the Debtors' estates.  The Debtors' executory contracts and unexpired leases have been set forth in Schedule G.  The Debtors' rejection of executory contracts and unexpired leases will result in the assertion of rejection damages claims; the Schedules and Statements do not reflect any claims for rejection damages claims.  The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims.

j) <u>Foreign Currency</u>.  Unless otherwise indicated, all amounts are reflected in U.S. dollars, and converted from other currencies as of the Petition Date where applicable.

4

k) <u>GAAP</u>. Given the difference between the information requested in the Schedules and Statements, and the financial information utilized under GAAP, the aggregate asset values and claim amounts set forth in the Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

l) <u>Insiders</u>. For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of the Debtors; (d) relatives of directors, officers, or shareholders holding in excess of 5% of the voting shares of the Debtors; (e) persons in control; and (f) debtor affiliates.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability, or for any other purpose.

m) <u>Intellectual Property Rights</u>. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the particular Debtor that is the rightful owner of such intellectual property, however, in some instances intellectual property identified as being owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

n) <u>Intercompany Claims</u>. The Debtors utilize a consolidated cash management system. The Debtors manage the cash within the cash management system by transferring funds among bank accounts as needed, disbursing funds through a concentrated account and debiting and crediting intercompany accounts by cost center. The Debtors maintain accounting records of the daily cash transactions between and among the Debtors. Thus, the Debtors' debits and credits are known and recorded. However, given the volume of such transactions, it would be

unduly burdensome for the Debtors to separately identify each of these transactions for purposes of the SOFAs or Schedules B and F of the Schedules.

o) <u>Liabilities</u>.  The Debtors allocated liabilities between the pre-petition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the pre-petition and postpetition periods may change.  The Debtors reserve all rights to modify, amend, and supplement the Schedules and Statements as is necessary and appropriate.

p) <u>Accruals/Unvouchered Payables</u>.  The Debtors have made every reasonable attempt to list all accruals and unvouchered payables on their liabilities schedules.

q) <u>Materialman's/Mechanics' Liens</u>.  The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any materialman's or mechanics' liens.

r) <u>Litigation</u>.  The Debtors have listed on Schedule F all known claimants related to any pending or threatened litigation action as contingent, disputed, and unliquidated with unknown amounts.  Although claim amounts were not estimated, allowed claims, if any, for these claimants may be substantial.

s) <u>Re-characterization</u>.  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.  Thus, the Debtors reserve all rights to re-characterize, reclassify, re-categorize, or re-designate items reported in the Schedules and Statements at a later time as is necessary and appropriate as additional information becomes available.

t) <u>Setoffs</u>.  The Debtors routinely are subject to certain setoffs and other similar rights exercised by or with respect to customers or suppliers in the ordinary course of business.  Pre-petition setoffs may have resulted from various sources, including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their customers and/or suppliers.  These pre-petition setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' businesses and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such transactions.  Therefore, although the exercise of such setoffs and other similar rights may have been taken into consideration when scheduling certain amounts, setoffs and these other rights are not independently accounted for, and as such, are excluded from the Schedules and Statements.  Notwithstanding the foregoing, the Debtors have not reviewed the validity of the

aforementioned setoff rights and hereby reserve all rights to challenge such setoff rights.

u) <u>Petition Date</u>.  Financial information for the Debtors is, unless otherwise noted herein or in the Schedules and Statements, provided as of the Petition Date of June 10, 2010.

v) <u>Third-Party Property</u>.  In the ordinary course of their businesses, the Debtors lease equipment from certain third-party lessors for use in the daily operation of their businesses and otherwise use and hold property owned by third-parties pursuant to contracts and leases with such parties. Such leases or contracts are set forth in Schedule G.  The property subject to any such leases or contracts is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtors.  Neither is the property subject to any such leases or contracts reflected in the Debtors' SOFAs as property or assets of third-parties within the control of the Debtors.  Nothing contained in the Schedules and Statements is or shall be construed as an admission or determination as to the legal status of any lease (including, but not limited to, whether any lease is a true lease or a financing arrangement) or contract (including, but not limited to, whether the contract is, in fact, an executory contract), and the Debtors reserve all rights with respect to any such issues.

Additionally, in the ordinary course of their businesses, the Debtors may hold property on consignment for third parties. Likewise, such property is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtors.

w) <u>Undetermined Amounts</u>.  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

x) <u>Consolidated Entity Accounts Payable and Disbursement Systems</u>.  The Debtors utilize a complex, automated and integrated, centralized cash management system to collect, transfer, and disburse funds generated by their operations and to accurately record all such transactions as they are made.  In the ordinary course of business, the Debtors maintain an aggregate of 18 accounts at Citibank N.A. and Wachovia Bank N.A., including three Concentration Accounts, one Payroll Account (as defined below), three Controlled Disbursement Accounts (as defined below), ten Lockbox Accounts (as defined below), and one ZBA Master Account. The accounts are maintained in the names of National Envelope Corporation (NEC), National Envelope – AECO LLC and National Envelope – WH LLC. The NEC Concentration Account is used as the source of disbursements to employees of the Debtors. The Controlled Disbursement Accounts are funded from the Concentration Accounts and are used to pay employee expenses and disbursements to third parties.

NEC funds the payment of virtually all of the Debtors' operating expenses and capital expenditures. NEC maintains a centralized system of reporting accounts payable, regardless of which Debtor was contractually liable for such a payment. In turn, the other Debtors repay NEC through intercompany transactions. While every effort has been made to report liabilities on the individual Schedules of the Debtors, NEC's Schedules may inadvertently contain liabilities of Affiliated Debtors.

y) <u>Entity Classification Issues</u>. The Debtors have endeavored in good faith to identify the assets owned by each Debtor and the liabilities owed by each Debtor. While the Schedules reflect the results of this effort, several factors may impact the ability of the Debtors precisely to assign assets and liabilities to particular Debtor entities, including but not limited to (a) certain assets may be primarily used by a Debtor other than the entity which holds title to such assets according to the Debtors' books and records; (b) the Debtor entity that owns or holds title to certain assets may not be ascertainable given the consolidated manner in which the Debtors have operated their businesses; (c) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor; (d) certain creditors of the Debtors may have treated one or more of the Debtors as a consolidated entity rather than as differentiated entities; and (e) the impact of the Debtors' cash management system, described in the paragraph above.

z) <u>Property and Equipment</u>. Unless otherwise noted, owned property and equipment are stated at estimated net book value. Depreciation and amortization are provided principally on the straight-line method over a period of five to ten years for furniture, fixtures and equipment and 30 years for buildings. Leasehold improvements are depreciated over the lesser of the life of the asset or the real estate lease term.

aa) <u>Excluded Assets and Liabilities</u>. Certain deferred charges, accounts, or reserves recorded for GAAP reporting purposes only are not included in the Debtors' Schedules.

2. **<u>Specific Schedules and Statements Disclosures</u>**

a) <u>Schedule A - Real Property</u>. The Debtors have listed the value of their real estate at the net book value assigned to such real estate in the Debtors' books. This amount may be materially different from the fair market value of such real estate.

b) <u>Schedule B(9) - Insurance Policies</u>. The Debtors maintain certain insurance policies essential to continued operations. The terms of these policies are characteristic of insurance policies typically maintained by corporate entities that are similar in size and nature to the company. The Debtors' insurance policies generally are structured to provide coverage for many of NEC's direct and

indirect subsidiaries and affiliates, including the Debtors. The Debtors maintain various policies of insurance, including, but not limited to, property, casualty, motor vehicle, workers' compensation, general liability, employer's practices liabilities and director and officer liability.

c) <u>Schedule B(l6) - Account Receivable</u>. The Debtors have not provided a detailed listing of the individuals and entities that owe them money because such detail contains confidential and proprietary information, including the identities of customers and the amounts that they owe to the Debtors.

d) <u>Schedule B(l3) – Stocks and Interests in Businesses.</u> Equity interests in subsidiaries and affiliates primarily arise from common stock ownership and membership interests. Each Debtor's "Schedule B-Personal Property" lists such Debtor's ownership interests, if any, in subsidiaries and affiliates. For purposes of these Schedules and Statements, the Debtors have listed the value of such ownership interests as undetermined because the fair market value of such stock or interests is dependent on numerous variables and factors and may differ significantly from the net book value.

e) <u>Schedule B(22) - Patents, Copyrights and Intellectual Property</u>. The Debtors have listed various patents, copyrights and trademarks. Many of these patents, copyrights and other intellectual property may not be transferable and, therefore, may have no market value, although they do have value to the Debtors because they are necessary to operate the Debtors' businesses. Nothing herein or in the Schedules and Statements shall be construed as an admission or acknowledgment by the Debtors that any particular intellectual property is not transferable either pursuant to its terms or pursuant to the provisions of the Bankruptcy Code or has no market value, and the Debtors reserve all rights with respect to any such issues.

f) <u>Schedule B(30) - Inventory</u>. Unless otherwise disclosed, inventories are carried at cost, net of an allowance for obsolescence. Debtors have an established cycle count inventory program, which applies to all of the Debtors' facilities and distribution centers.

g) <u>Schedule D - Creditors Holding Secured Claims.</u> Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the extent, validity, priority, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to or by a secured creditor listed on Schedule D. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are intended to be a summary only. In certain instances, a Debtor may be a co-obligor, co-mortgagor or a guarantor with respect to scheduled claims of other Debtors. No claim set forth on Schedule D of

any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

Schedule D for each Debtor reflects indebtedness owed pursuant to the Debtors' pre-petition secured credit facility. Although there are multiple lenders related to the revolving, term and letter of credit facilities that comprise the Debtors' pre-petition secured credit facility, only General Electric Capital Corporation, the administrative agent for such lenders, has been listed for purposes of Schedule D.

To generate the list of creditors holding secured claims by virtue of a UCC filing, the Debtors utilized a UCC lien search that was performed on or about May 27, 2010. Because this lien search was performed approximately 14 days prior to the Petition Date, it is possible that certain claimants perfected their interests within the intervening period and, to the extent this occurred, these claimants may not be listed on Schedule D. By listing a party on Schedule D based on a UCC filing, the Debtors are not conceding that such party actually holds a perfected, non-avoidable security interest in the asset that is the subject of such filing, and reserve their rights as set forth in the first sentence of this section 2(d).

h) Schedule E - Creditors Holding Unsecured Priority Claims. The Debtors have authority to pay certain pre-petition obligations, including the authority to pay employee wages and other employee benefits in the ordinary course of business pursuant to Court order (the "*Employee Wage and Benefit Order*"). Pursuant to the Employee Wage and Benefit Order, the Debtors believe that any employee claims for pre-petition amounts related to ongoing payroll and benefits, whether allowable as priority or non-priority claims, have been or will be satisfied, and such satisfied amounts are not listed on Schedule E.

Further, the Debtors also have received authority by Court order to pay certain taxes, including but not limited to sales, use, income and property taxes (the "*Tax Order*"). Pursuant to the Tax Order, the Debtors believe that any claims on account of such taxes have been or will be satisfied. Out of abundance of caution and in an effort to provide notice to all holders of potential priority tax claims, the Debtors have listed all potential holders of priority tax claims on Schedule E. The listing of a taxing authority on a Debtor's Schedule E is not an acknowledgement that such taxing authority holds a valid claim against a particular Debtor or that a particular tax claim is entitled to priority under 11 U.S.C. § 507(a)(8) or otherwise.

The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507. The Debtors reserve the right to take the position that the claim listed herein is a secured claim, an unsecured or a subordinated claim.

i) Schedule F - Creditors Holding Unsecured Claims. Whenever reasonably practicable, the Debtors have allocated liabilities to particular Debtors. However,

for a number of reasons, including that the Debtors principally operated their businesses by business unit rather than by Debtor entity, it is difficult in certain cases to assign a given liability to a particular Debtor. For a complete understanding of the unsecured debts of each Debtor, the reader should review Schedule F of each. Despite the Debtors' reasonable and good faith efforts to properly allocate liabilities, certain liabilities may have been allocated to certain Debtors which should have been allocated to a different Debtor. In order to determine the total liabilities of the Debtors, parties in interest should review Schedule F for all of the Debtors. Although the same claim may be listed on the Schedules and Statements of more than one Debtor, the Debtors do not admit or acknowledge that any creditor, other than creditors who have specific direct or guaranty obligations from more than one of the Debtors, is entitled to assert its claim against more than one Debtor.

Schedule F also contains information regarding threatened or pending litigation involving the Debtors, including workers' compensation claims that have been asserted against the Debtors. The amounts for these potential claims are listed as "unknown" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. The Debtors expressly incorporate by reference into Schedule F all parties to pending and potential litigation, if any, listed in question 4(a) of the applicable Debtor's SOFAs as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule F.

Schedule F also reflects the pre-petition amounts owed to counterparties to executory contracts and unexpired leases. Such pre-petition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Schedule F does not include additional rejection damages claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected as of or after the Petition Date.

The claims of creditors for, among other things, merchandise, goods, services, or taxes are listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor. The Debtors reserve all of their rights respecting such credits and allowances. The amounts listed may be exclusive of contingent and unliquidated amounts.

Pursuant to an interim order entered by the Bankruptcy Court on June 11, 2010 and a final order entered on July 13, 2010, the Debtors have received authority to pay certain outstanding pre-petition claims of supplier and vendors of goods and services (the "***Suppliers and Vendors Order***"). To the extent that the Debtors believe that any claims on account of such suppliers and vendors have been or will be satisfied, such satisfied amounts are not listed on Schedule F.

j) <u>Schedule G - Executory Contracts and Unexpired Leases.</u> While every reasonable and good faith effort has been made to ensure the accuracy and completeness of Schedule G, inadvertent errors or omissions may have occurred.

Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute.

A number of supplier contracts listed may be umbrella agreements that cover some or all of the Debtors. Where relevant, such agreements have been listed in the Schedule G only of the Debtor that signed the original umbrella agreement. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as supplemental agreements, amendments, letter agreements, title agreements and confidentiality agreements. Because of the number of such agreements and the difficulty in assembling a complete list of them given the size, magnitude and diversity of the Debtors' businesses, all such agreements may not be set forth on Schedule G. The Debtors reserve all of their rights to dispute or to challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim.

In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. However, the Debtors reserve the right to assert that such agreements constitute executory contracts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The omission of a contract or agreement on Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease, nor that such omitted contract or agreement was not in effect on the Petition Date or invalid or unenforceable. The Debtors reserve all rights to amend Schedule G to add executory contracts or unexpired leases or to challenge the legal status of any contract or lease, including the characterization of any lease as an unexpired non-residential real property lease, or whether any listed contract, lease, or other agreement constitutes an executory contract or unexpired lease. Any and all of the Debtors' rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

k) <u>Schedule H - Co-Debtors.</u> For purposes of Schedule H, only General Electric Capital Corporation, as the administrative agent under the pre-petition secured credit facility, is listed for claims arising under such secured credit facility.

In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses.

These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are listed elsewhere in the Schedules and Statements, they have not been set forth individually on Schedule H.

Additionally, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. Further, the Debtors believe that certain of any such guarantees may be expired or no longer enforceable. Thus, the Debtors reserve their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or unenforceable.

l) <u>SOFA Question 3(b) - Payments to Creditors Within 90 days</u>. Payments are listed by the entity making such payment, notwithstanding that certain payments may have been made on behalf of another entity. As described above, the Debtors utilize a complicated integrated cash management system. As a result, during the year preceding the Petition Date, payments were made to creditors by NEC and many of these payments may have been for the benefit of another Debtor. These payments are listed on the SOFA for NEC, even if the payment was made to or for the benefit of another Debtor. To ascertain information relating to all payments that were made to creditors, NEC's SOFA should be consulted.

m) <u>SOFA Question 3(c) – Payments to Creditors who are Insiders Within One Year</u>. As a result of the Debtors' integrated cash management system, during the year preceding the Petition Date, payments were made by NEC to creditors on behalf of each of the Debtors. The Debtors maintain accounting records of all payments and their respective charges to intercompany accounts. However, given the volume of such transactions, it would be unduly burdensome for the Debtors to separately identify each of these transactions for purposes of the SOFAs. For all payments to insiders reference should also be made to NEC's response to SOFA Question 23 and the related explanation in these global notes.

n) <u>SOFA Question 4(a) - Suits and Administrative Proceedings</u>. The Debtors have made reasonable and good faith efforts to include in their responses to SOFA Question 4 (a) a complete list of all lawsuits and litigation proceedings to which any of the Debtors were a party within the one (1) year period immediately preceding the Petition Date. To the extent the Debtors become aware that they have omitted any such lawsuits or proceedings, they will amend their SOFAs.

o) <u>SOFA Question 5 - Repossessions, Foreclosures, and Returns</u>. In the ordinary course of business, equipment or other purchases are returned to sellers due to, among other things, defects or receipt of incorrect product. Other than those ordinary course items, the Debtors are not aware of any property that has been returned to a seller. The Debtors are not aware of any property that has been

repossessed by a creditor, sold at a foreclosure sale, or transferred through a deed within one year immediately preceding the commencement of the case.

p) <u>SOFA Question 8 - Losses</u>. The Debtors have excluded those losses incurred in the ordinary course of business or those where the amount is *de minimis*.

q) <u>SOFA Question 9 - Payment Related to Debt Counseling or Bankruptcy</u>. Due to the centralized cash management system, NEC made payments to various professionals for restructuring services on behalf of all of the Debtors. To ascertain information relating to payments related to debt counseling or bankruptcy, NEC's SOFA should be consulted.

r) <u>SOFA Question 14 – Property Held for Another Person</u>. In the ordinary course of their businesses, the Debtors lease equipment from certain third-party lessors for use in the daily operation of their businesses. Such leases or contracts are set forth in Schedule G. The property subject to any such leases or contracts is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtors. Neither is the property subject to any such leases or contracts reflected in the Debtors' SOFAs as property or assets of third-parties within the control of the Debtors. Nothing contained in the Schedules and Statements is or shall be construed as an admission or determination as to the legal status of any lease (including, but not limited to, whether any lease is a true lease or a financing arrangement) or contract (including, but not limited to, whether the contract is, in fact, an executory contract), and the Debtors reserve all rights with respect to any such issues.

s) <u>SOFA Question 17 - Environmental Information</u>. The Debtors have listed environmental information in SOFA Question 17 and potential environmental liabilities in Schedule F, based on the information available to the Debtors at the time the Schedules and Statements were prepared. To the extent further investigation reveals environmental information or potential or contingent environmental liabilities, the Debtors reserve the right to amend the Schedules and Statements as necessary and appropriate.

t) <u>SOFA Question 21 – Current Partners, Officers, Directors and Shareholders</u>. Officers listed in SOFA 21 are those officers elected or appointed by the Debtors' board of directors.

u) <u>SOFA Question 23 - Withdrawals from a Partnership or Distributions by a Corporation Within One Year</u>. NEC made payments on behalf of all of the Debtors to the current and former Board Members and Officers of all of the Debtors.

The Debtors have listed, in response to question 23, gross wages and bonuses, severance pay, director and committee fees, and expense reimbursements that the Debtors paid to their insiders. These amounts include both direct and non-direct

payments, as well as any withholding tax which would have been remitted to the appropriate taxing authority.  In compiling a list of insiders, the Debtors have listed various vice presidents and similarly situated individuals as officers pursuant to the presumption that such individuals constitute officers.  The identification of any individual as an insider in the Debtors' response to question 23 does not limit either the Debtors or the individuals' rights to present evidence demonstrating that any such individual does not constitute an insider as that term is defined by the Bankruptcy Code.  Furthermore, in certain instances, the Debtors have intentionally redacted the identity of specific insiders because of concerns regarding the sensitivity and privacy of the individual and confidentiality regarding payment disclosures due to the insiders' positions with the Debtors.

.

# United States Bankruptcy Court
## District of Delaware

In re    **NEC Holdings Corp.**                       ,     Case No.    __10-11890 (PJW)__

                                            Debtor

                                            Chapter                      __11__

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 0.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 150,245,170.00 | |
| E - Creditors Holding Unsecured Priority Claims   (Total of Claims on Schedule E) | Yes | 3 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 5 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 16 | | | |
| Total Assets | | | 0.00 | | |
| Total Liabilities | | | | 150,245,170.00 | |

In re   **NEC Holdings Corp.**           ,     Case No.   **10-11890 (PJW)**

                              Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | | |
|---|---|---|
| Sub-Total > | 0.00 | (Total of this page) |
| Total > | 0.00 | |
| | (Report also on Summary of Schedules) | |

  **0**   continuation sheets attached to the Schedule of Real Property

In re **NEC Holdings Corp.** , Case No. __10-11890 (PJW)__

Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total > 0.00
(Total of this page)

__2__ continuation sheets attached to the Schedule of Personal Property

In re __**NEC Holdings Corp.**_____,  Case No. ___**10-11890 (PJW)**_____

Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **National Envelope Corporation 100% of Common Stock Ownership** | **-** | **Unknown** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >  **0.00**
(Total of this page)

Sheet __**1**__ of __**2**__ continuation sheets attached
to the Schedule of Personal Property

In re __**NEC Holdings Corp.**_____ ,    Case No. ___**10-11890 (PJW)**_____

Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > (Total of this page) | 0.00 |
| Total > | 0.00 |

Sheet __**2**__ of __**2**__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

In re   **NEC Holdings Corp.**           Case No.   **10-11890 (PJW)**

                                 Debtor(s)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns).

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above)* | C O D E B T O R | Husband, Wife, Joint or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| ACCOUNT NO. | | | | 12/28/06 | | | | | |
| **GENERAL ELECTRIC CAPITAL CORPORATION** **299 PARK AVENUE, 3RD FLOOR** **NEW YORK, NY 10171** | X | | | **Revolver** **Collateral: Substantially all assets** | | | | | |
| | | | | VALUE     **Unknown** | | | | **$70,600,471.00** | **Unknown** |
| ACCOUNT NO. | | | | 12/28/06 | | | | | |
| **GENERAL ELECTRIC CAPITAL CORPORATION** **299 PARK AVENUE, 3RD FLOOR** **NEW YORK, NY 10171** | X | | | **Term Loans** **Collateral: Substantially all assets** | | | | | |
| | | | | VALUE     **Unknown** | | | | **$74,309,934.00** | **Unknown** |

Sheet 1 of 2 total sheets in Schedule of Creditors Holding Secured Claims

In re **NEC Holdings Corp.**           Case No.   **10-11890 (PJW)**

Debtor(s)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | | Husband, Wife, Joint or Community | | | | | |
| ACCOUNT NO. | | | 12/28/06 | | | | | |
| **GENERAL ELECTRIC CAPITAL CORPORATION** 299 PARK AVENUE, 3RD FLOOR NEW YORK, NY 10171 | X | | Letters of Credit  Collateral: Substantially all assets | | | | | |
| | | | VALUE **Unknown** | | | | $3,553,000.00 | Unknown |
| ACCOUNT NO. | | | 02/12/10 | | | | | |
| **GENERAL ELECTRIC CAPITAL CORPORATION** 299 PARK AVENUE, 3RD FLOOR NEW YORK, NY 10171 | X | | Capital Transaction Fee  Collateral: Substantially all assets | | | | | |
| | | | VALUE **Unknown** | | | | $1,781,765.00 | Unknown |
| | | | Total(s) (Use only on last page) | | | | $150,245,170.00 | Unknown |
| | | | | | | | (Report also on Summary of Schedules) | If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

Sheet 2 of 2 total sheets in Schedule of Creditors Holding Secured Claims

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037        Best Case Bankruptcy

.

In re    **NEC Holdings Corp.** _____,   Case No.   **10-11890 (PJW)**_____

                                                  Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts _not_ entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

■ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                        Best Case Bankruptcy

In re __NEC Holdings Corp.__ ,      Case No. __10-11890 (PJW)__

_____Debtor_____

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Wages, salaries, and commissions**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Colorado Department of Revenue** <br> **1375 Sherman Street** <br> **Denver, CO 80261** | - | | **Corporation Taxes** | X | X | X | <br><br> **Unknown** | **Unknown** <br><br> **Unknown** |
| Account No. <br><br> **New York State** <br> **Dept of Taxation and Finance** <br> **PO Box 15172** <br> **Albany, NY 12212** | - | | **Corporation Taxes** | X | X | X | <br><br> **Unknown** | **Unknown** <br><br> **Unknown** |
| Account No. <br><br> **NYC Department of Finance** <br> **Attn: Legal Affairs** <br> **345 Adams Street, 3rd Fl.** <br> **Kingston, NY 12402-5070** | - | | **Corporation Taxes** | X | X | X | <br><br> **Unknown** | **Unknown** <br><br> **Unknown** |
| Account No. <br><br><br><br> | | | | | | | | |
| Account No. <br><br><br><br> | | | | | | | | |

Sheet __1__ of __2__ continuation sheets attached to Schedule of Creditors Holding Unsecured Priority Claims

Subtotal (Total of this page)    **0.00** | **0.00**    **0.00**

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

In re **NEC Holdings Corp.** , Case No. __10-11890 (PJW)__
_____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | | | |
| Account No. | | | | | Franchise Taxes | | | | | | |
| Illinois Secretary of State Dept. of Business Services 501 S 2nd Street Springfield, IL 62756 | - | | | | | X | X | X | | Unknown | |
| | | | | | | | | | Unknown | | Unknown |
| Account No. | | | | | Income Taxes | | | | | | |
| Internal Revenue Service Attn: Gerald Thorpe 701 Market Street MIC Suite 2200 Philadelphia, PA 19106 | - | | | | | X | X | X | | Unknown | |
| | | | | | | | | | Unknown | | Unknown |
| Account No. | | | | | Corporation Taxes | | | | | | |
| Kansas Department of Revenue 915 SW Harrison Street Topeka, KS 66625 | - | | | | | X | X | X | | Unknown | |
| | | | | | | | | | Unknown | | Unknown |
| Account No. | | | | | Franchise Taxes | | | | | | |
| State of California Franchise Tax Board P.O. BOX 1673 Sacramento, CA 95812 | - | | | | | X | X | X | | Unknown | |
| | | | | | | | | | Unknown | | Unknown |
| Account No. | | | | | Franchise Taxes | | | | | | |
| State of Delaware Division of Corporations Attn: Franchise Tax PO Box 898 Dover, DE 19903 | - | | | | | X | X | X | | Unknown | |
| | | | | | | | | | Unknown | | Unknown |

Sheet __2__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| Total (Report on Summary of Schedules) | 0.00 | 0.00 |
| | 0.00 | 0.00 |

In re    **NEC Holdings Corp.**                    ,    Case No.    **10-11890 (PJW)**

                                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | | | | | | |
| | | | J | C | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

|  |  |
|---|---|
| **0**   continuation sheets attached | Subtotal (Total of this page) | |
| | Total (Report on Summary of Schedules)    **0.00** |

In re   **NEC Holdings Corp.**                      Case No.   **10-11890 (PJW)**

                                   Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Denise F. Ungar Stern**<br>**333 Earle Ovington Blvd.**<br>**Ste 1035**<br>**Uniondale, NY 11553** | **Amended Shareholder Agreement** |
| **First Ungar Trust (1974)**<br>**333 Earle Ovington Blvd.**<br>**Ste 1035**<br>**Uniondale, NY 11553** | **Amended Shareholder Agreement** |
| **Florette D. Ungar Shaashua**<br>**333 Earle Ovington Blvd.**<br>**Ste 1035**<br>**Uniondale, NY 11553** | **Amended Shareholder Agreement** |
| **Gift Trust (1995)**<br>**333 Earle Ovington Blvd.**<br>**Ste 1035**<br>**Uniondale, NY 11553** | **Amended Shareholder Agreement** |
| **Joan E. Ungar Levy**<br>**333 Earle Ovington Blvd.**<br>**Ste 1035**<br>**Uniondale, NY 11553** | **Amended Shareholder Agreement** |
| **Rita L. Ungar Moser**<br>**333 Earle Ovington Blvd.**<br>**Ste 1035**<br>**Uniondale, NY 11553** | **Amended Shareholder Agreement** |
| **William Ungar**<br>**333 Earle Ovington Blvd.**<br>**Ste 1035**<br>**Uniondale, NY 11553** | **Amended Shareholder Agreement** |

**0**

\_\_\_\_ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

In re    **NEC Holdings Corp.**                            Case No.   **10-11890 (PJW)**

Debtor

# SCHEDULE H - CODEBTORS

     Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Aristocrat Envelope Corporation**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>  **Revolver (12/28/06)**<br>  **Term Loans (12/28/06)**<br>  **Letters of Credit (12/28/06)**<br>  **Capital Transaction Fee (02/12/10)** |
| **National Envelope Corporation**<br>**Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>  **Revolver (12/28/06)**<br>  **Term Loans (12/28/06)**<br>  **Letters of Credit (12/28/06)**<br>  **Capital Transaction Fee (02/12/10)** |
| **National Envelope Corporation-Central**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>  **Revolver (12/28/06)**<br>  **Term Loans (12/28/06)**<br>  **Letters of Credit (12/28/06)**<br>  **Capital Transaction Fee (02/12/10)** |
| **National Envelope Corporation-East**<br>**400 Clermont Terrace**<br>**Union, NJ 07083** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>  **Revolver (12/28/06)**<br>  **Term Loans (12/28/06)**<br>  **Letters of Credit (12/28/06)**<br>  **Capital Transaction Fee (02/12/10)** |
| **National Envelope Corporation-North**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>  **Revolver (12/28/06)**<br>  **Term Loans (12/28/06)**<br>  **Letters of Credit (12/28/06)**<br>  **Capital Transaction Fee (02/12/10)** |
| **National Envelope Corporation-South**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>  **Revolver (12/28/06)**<br>  **Term Loans (12/28/06)**<br>  **Letters of Credit (12/28/06)**<br>  **Capital Transaction Fee (02/12/10)** |

**4**

____ continuation sheets attached to Schedule of Codebtors

# SCHEDULE H - CODEBTORS
### (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **National Envelope-AECO LLC**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>   **Revolver (12/28/06)**<br>   **Term Loans (12/28/06)**<br>   **Letters of Credit (12/28/06)**<br>   **Capital Transaction Fee (02/12/10)** |
| **National Envelope-Appleton LLC**<br>**3800 West Wisconsin Avenue**<br>**Appleton, WI 54914** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>   **Revolver (12/28/06)**<br>   **Term Loans (12/28/06)**<br>   **Letters of Credit (12/28/06)**<br>   **Capital Transaction Fee (02/12/10)** |
| **National Envelope-Aurora LLC**<br>**14101 E 33rd Place, Unit A**<br>**Aurora, CO 80011** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>   **Revolver (12/28/06)**<br>   **Term Loans (12/28/06)**<br>   **Letters of Credit (12/28/06)**<br>   **Capital Transaction Fee (02/12/10)** |
| **National Envelope-Chino LLC**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>   **Revolver (12/28/06)**<br>   **Term Loans (12/28/06)**<br>   **Letters of Credit (12/28/06)**<br>   **Capital Transaction Fee (02/12/10)** |
| **National Envelope-City of Industry LLC**<br>**785 N. Baldwin Park Blvd.**<br>**City of Industry, CA 91746** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>   **Revolver (12/28/06)**<br>   **Term Loans (12/28/06)**<br>   **Letters of Credit (12/28/06)**<br>   **Capital Transaction Fee (02/12/10)** |
| **National Envelope-Corsicana LLC**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>   **Revolver (12/28/06)**<br>   **Term Loans (12/28/06)**<br>   **Letters of Credit (12/28/06)**<br>   **Capital Transaction Fee (02/12/10)** |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com            Best Case Bankruptcy

# SCHEDULE H - CODEBTORS
### (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **National Envelope-Elk Grove Village LLC**<br>**2001 Arthur Avenue**<br>**Elk Grove Village, IL 60007** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>  **Revolver (12/28/06)**<br>  **Term Loans (12/28/06)**<br>  **Letters of Credit (12/28/06)**<br>  **Capital Transaction Fee (02/12/10)** |
| **National Envelope-Ennis LLC**<br>**601 National Drive**<br>**Ennis, TX 75119** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>  **Revolver (12/28/06)**<br>  **Term Loans (12/28/06)**<br>  **Letters of Credit (12/28/06)**<br>  **Capital Transaction Fee (02/12/10)** |
| **National Envelope-Exton Equity LLC**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>  **Revolver (12/28/06)**<br>  **Term Loans (12/28/06)**<br>  **Letters of Credit (12/28/06)**<br>  **Capital Transaction Fee (02/12/10)** |
| **National Envelope-Grand Prairie LLC**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>  **Revolver (12/28/06)**<br>  **Term Loans (12/28/06)**<br>  **Letters of Credit (12/28/06)**<br>  **Capital Transaction Fee (02/12/10)** |
| **National Envelope-Houston Equity LLC**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>  **Revolver (12/28/06)**<br>  **Term Loans (12/28/06)**<br>  **Letters of Credit (12/28/06)**<br>  **Capital Transaction Fee (02/12/10)** |
| **National Envelope-Houston LLC**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>  **Revolver (12/28/06)**<br>  **Term Loans (12/28/06)**<br>  **Letters of Credit (12/28/06)**<br>  **Capital Transaction Fee (02/12/10)** |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com          Best Case Bankruptcy

# SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **National Envelope-Leasing LLC**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>   **Revolver (12/28/06)**<br>   **Term Loans (12/28/06)**<br>   **Letters of Credit (12/28/06)**<br>   **Capital Transaction Fee (02/12/10)** |
| **National Envelope-Lenexa LLC**<br>**16000 West 108th Street**<br>**Lenexa, KS 66219** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>   **Revolver (12/28/06)**<br>   **Term Loans (12/28/06)**<br>   **Letters of Credit (12/28/06)**<br>   **Capital Transaction Fee (02/12/10)** |
| **National Envelope-Nashville Equity LLC**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>   **Revolver (12/28/06)**<br>   **Term Loans (12/28/06)**<br>   **Letters of Credit (12/28/06)**<br>   **Capital Transaction Fee (02/12/10)** |
| **National Envelope-Scottdale LLC**<br>**One Wedding Lane**<br>**Scottdale, PA 15683** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>   **Revolver (12/28/06)**<br>   **Term Loans (12/28/06)**<br>   **Letters of Credit (12/28/06)**<br>   **Capital Transaction Fee (02/12/10)** |
| **National Envelope-Shelbyville Equity LLC**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>   **Revolver (12/28/06)**<br>   **Term Loans (12/28/06)**<br>   **Letters of Credit (12/28/06)**<br>   **Capital Transaction Fee (02/12/10)** |
| **National Envelope-Specialties Group LLC**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>   **Revolver (12/28/06)**<br>   **Term Loans (12/28/06)**<br>   **Letters of Credit (12/28/06)**<br>   **Capital Transaction Fee (02/12/10)** |

Sheet  **3**  of  **4**  continuation sheets attached to the Schedule of Codebtors

# SCHEDULE H - CODEBTORS
### (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **National Envelope-WH LLC**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>  **Revolver (12/28/06)**<br>  **Term Loans (12/28/06)**<br>  **Letters of Credit (12/28/06)**<br>  **Capital Transaction Fee (02/12/10)** |
| **New York Envelope Corp.**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>  **Revolver (12/28/06)**<br>  **Term Loans (12/28/06)**<br>  **Letters of Credit (12/28/06)**<br>  **Capital Transaction Fee (02/12/10)** |
| **Old Colony Envelope Corp.**<br>**333 Earle Ovington Blvd, Ste 1035**<br>**Uniondale, NY 11553** | **GENERAL ELECTRIC CAPITAL CORPORATION**<br>**299 PARK AVENUE, 3RD FLOOR**<br>**NEW YORK, NY 10171**<br>  **Revolver (12/28/06)**<br>  **Term Loans (12/28/06)**<br>  **Letters of Credit (12/28/06)**<br>  **Capital Transaction Fee (02/12/10)** |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com      Best Case Bankruptcy

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## District of Delaware

In re   **NEC Holdings Corp.**                         Case No.   **10-11890 (PJW)**

                                   Debtor(s)              Chapter   **11**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____     Signature: _____
                                                      Debtor

Date _____     Signature: _____
                                          (Joint Debtor, if any)

                                        [If joint case, both spouses must sign.]

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the   **Chief Financial Officer**   [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the   **corporation**   [corporation or partnership] named as a debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **17**   sheets *[total shown on summary page plus 1]*, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **August 9, 2010**               Signature: *James Shelby Marlow*

                                              **James Shelby Marlow , CFO**
                                              [Print or type name of individual signing on behalf of debtor]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.