IN WITNESS WHEREOF, the parties have caused this Escrow Agreement to be duly executed as of the day and year first above written.

**BUYER:**                          NEV HOLDINGS, LLC

                                 By:   _____

                                 Name: _____

                                 Title:  _____

**SELLER REPRESENTATIVE:**          NATIONAL ENVELOPE CORPORATION

                                 By:   _____

                                 Name: _____

                                 Title:  _____

**ESCROW AGENT:**                   UNION BANK, N.A.
                                    as Escrow Agent

                                 By:   _____

                                 Name: Jennifer Earle

                                 Title:  Vice President

**SELLERS:**                        NEC HOLDINGS CORP.

                                 By:   _____
                                           Name:
                                           Title:

                               NATIONAL ENVELOPE – WH LLC

                                 By:   _____
                                           Name:
                                           Title:

[SIGNATURE PAGE TO ESCROW AGREEMENT]

IN WITNESS WHEREOF, the parties have caused this Escrow Agreement to be duly executed as of the day and year first above written.

**BUYER:**

NEV HOLDINGS, LLC

By: _____
Name: _____
Title: _____

**SELLER REPRESENTATIVE:**

NATIONAL ENVELOPE CORPORATION

By: _____
Name: James Shelby Marlow
Title: Authorized Person

**ESCROW AGENT:**

UNION BANK, N.A.
as Escrow Agent

By: _____
Name: _____
Title: _____

**SELLERS:**

NEC HOLDINGS CORP.

By: _____
Name: James Shelby Marlow
Title: Authorized Person

NATIONAL ENVELOPE – WH LLC

By: _____
Name: James Shelby Marlow
Title: Authorized Person

[SIGNATURE PAGE TO ESCROW AGREEMENT]

NATIONAL ENVELOPE – AECO LLC

By: _____
Name: James Shelby Marlow
Title:  Authorized Person

NATIONAL ENVELOPE – CHINO LLC

By: _____
Name: James Shelby Marlow
Title:  Authorized Person

NATIONAL ENVELOPE – CITY OF
INDUSTRY, LLC

By: _____
Name: James Shelby Marlow
Title:  Authorized Person

NATIONAL ENVELOPE – ENNIS LLC

By: _____
Name: James Shelby Marlow
Title:  Authorized Person

NATIONAL ENVELOPE – CORSICANA LLC

By: _____
Name: James Shelby Marlow
Title:  Authorized Person

NATIONAL ENVELOPE – GRAND PRAIRIE
LLC

By: _____
Name: James Shelby Marlow
Title:  Authorized Person

[SIGNATURE PAGE TO ESCROW AGREEMENT]

NATIONAL ENVELOPE – AURORA LLC

By: _____
Name: James Shelby Marlow
Title:   Authorized Person


NATIONAL ENVELOPE – LENEXA LLC

By: _____
Name: James Shelby Marlow
Title:   Authorized Person


NATIONAL ENVELOPE – APPLETON LLC

By: _____
Name: James Shelby Marlow
Title:   Authorized Person


NATIONAL ENVELOPE – ELK GROVE
VILLAGE LLC

By: _____
Name: James Shelby Marlow
Title:   Authorized Person


NATIONAL ENVELOPE – SCOTTDALE LLC

By: _____
Name: James Shelby Marlow
Title:   Authorized Person


NATIONAL ENVELOPE CORPORATION –
EAST

By: _____
Name: James Shelby Marlow
Title:   Authorized Person

NATIONAL ENVELOPE – SPECIALTIES GROUP LLC

By: _____
Name: James Shelby Marlow
Title:  Authorized Person


NATIONAL ENVELOPE – HOUSTON LLC

By: _____
Name: James Shelby Marlow
Title:  Authorized Person


NATIONAL ENVELOPE – SHELBYVILLE EQUITY LLC

By: _____
Name: James Shelby Marlow
Title:  Authorized Person


NATIONAL ENVELOPE – EXTON EQUITY LLC

By: _____
Name: James Shelby Marlow
Title:  Authorized Person


NATIONAL ENVELOPE – NASHVILLE EQUITY LLC

By: _____
Name: James Shelby Marlow
Title:  Authorized Person


NATIONAL ENVELOPE – HOUSTON EQUITY LLC

By: _____
Name: James Shelby Marlow
Title:  Authorized Person


[SIGNATURE PAGE TO ESCROW AGREEMENT]

NATIONAL ENVELOPE – LEASING LLC

By:   _____
Name:  James Shelby Marlow
Title:   Authorized Person

NEW YORK ENVELOPE CORP.

By:   _____
Name:  James Shelby Marlow
Title:   Authorized Person

NATIONAL ENVELOPE CORPORATION –
NORTH

By:   _____
Name:  James Shelby Marlow
Title:   Authorized Person

NATIONAL ENVELOPE CORPORATION –
SOUTH

By:   _____
Name:  James Shelby Marlow
Title:   Authorized Person

NATIONAL ENVELOPE CORPORATION –
CENTRAL

By:   _____
Name:  James Shelby Marlow
Title:   Authorized Person

OLD COLONY ENVELOPE CORP.

By:   _____
Name:  James Shelby Marlow
Title:   Authorized Person

[SIGNATURE PAGE TO ESCROW AGREEMENT]

ARISTOCRAT ENVELOPE CORPORATION

By: _____

Name: James Shelby Marlow
Title:   Authorized Person

## Schedule A

Wire Instructions:

     If to Buyer:

     ABA No.:
     Bank Name:
     Account No.:
     Account Name:
     Reference:

     If to Seller Representative:

     ABA No.:
     Bank Name:
     Account No.:
     Account Name:
     Reference:

Date: _____

## Schedule B-1

### CERTIFICATE AS TO AUTHORIZED SIGNATURES

The specimen signatures shown below are the specimen signatures of the individuals who have been designated as authorized representatives of Buyer and are authorized to initiate and approve transactions of all types for the escrow account or accounts established under the Escrow Agreement to which this Schedule B-1 is attached on behalf of Buyer.

| Name / Title | Specimen Signature |
|---|---|
| _____<br>Name | _____<br>Signature |
| _____<br>Title | Phone:<br>Fax:<br>Email: |
| _____<br>Name | _____<br>Signature |
| _____<br>Title | Phone:<br>Fax:<br>Email: |
| _____<br>Name | _____<br>Signature |
| _____<br>Title | Phone:<br>Fax:<br>Email: |
| _____<br>Name | _____<br>Signature |
| _____<br>Title | Phone:<br>Fax:<br>Email: |

## Schedule B-2

### CERTIFICATE AS TO AUTHORIZED SIGNATURES

The specimen signatures shown below are the specimen signatures of the individuals who have been designated as authorized representatives of Seller Representative and are authorized to initiate and approve transactions of all types for the escrow account or accounts established under the Escrow Agreement to which this Schedule B-2 is attached on behalf of Seller Representative.

<u>Name / Title</u>                                         <u>Specimen Signature</u>

_____                    _____
          Name                                                  Signature

                                                        Phone:
_____                    Fax:
          Title                                             Email:


_____                    _____
          Name                                                  Signature

                                                        Phone:
_____                    Fax:
          Title                                             Email:


_____                    _____
          Name                                                  Signature

                                                        Phone:
_____                    Fax:
          Title                                             Email:

## Schedule C

## Fee Schedule

### UNION BANK, N.A.
### CORPORATE TRUST SERVICES

**Schedule of Fees**
**for**
**Escrow Agent Services**

---

**Acceptance and Set-up Fee:**                                          **WAIVED**
*(Due and payable on the closing date.)*


**Escrow Administration Fee (for up to 18 months):**        $  2,500
*(Due and payable in advance on the closing date)*


**Legal Counsel Fee:**                                              **No Charge**
*(use of Union Bank in-house legal counsel)*



**Out-of-Pocket Expenses:**                                     **As Invoiced**

**Additional Services:**                                         **By Appraisal**

*Fees subject to acceptance and review by Union Bank, N.A. of all documents pertaining to this transaction. If we are called upon to perform additional services or any services not described above, an extra charge may apply.*

## EXHIBIT D

Form of Bill of Sale

FINAL

## BILL OF SALE

THIS BILL OF SALE, dated as of _____, 2010 (this "Bill of Sale"), is made and entered into by and among NEV Holdings, LLC ("Buyer"), NEC Holdings Corp. ("Holdings"), National Envelope Corporation ("NEC") and the direct and indirect subsidiaries of NEC listed on Annex A attached hereto (together with Holdings and NEC, "Sellers"). Capitalized terms used but not defined herein have the meanings given to such terms in that certain Asset Purchase Agreement, dated as of July 8, 2010, by and among Buyer and Sellers (the "Purchase Agreement").

## RECITALS

WHEREAS, Buyer and Sellers have entered into the Purchase Agreement, pursuant to which Sellers have agreed to sell, assign, convey, transfer and deliver all of their right, title and interest in, to and under the Acquired Assets to Buyer, and Buyer has agreed to purchase and acquire all right, title and interest in, to and under the Acquired Assets from Sellers, upon the terms and subject to the conditions of the Purchase Agreement; and

WHEREAS, Buyer and Sellers desire to carry out the intent and purpose of the Purchase Agreement by execution and delivery of this Bill of Sale, subject to the provisions of the Purchase Agreement.

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.     Transfer of Assets.  Sellers, by this Bill of Sale, do hereby sell, transfer, convey, grant, assign and deliver to Buyer, and its successors and permitted assigns, all of the Acquired Assets, to have and to hold, to and for its and their proper use and benefit, forever, free and clear of all Liens (other than Permitted Liens). Notwithstanding anything herein to the contrary, this Bill of Sale shall not be deemed a sale, transfer, assignment, conveyance or delivery of any Excluded Assets.

2.     Further Assurances.  Solely to the extent as provided in Section 6(a) of the Purchase Agreement, Sellers hereby covenant with Buyer and its successors and permitted assigns that, until the dissolution or liquidation of Sellers, Sellers, without further consideration, will take such further actions (including the execution and delivery of such other reasonable instruments of sale, transfer, conveyance, assignment, assumption and confirmation and providing materials and information) as shall be necessary to transfer, convey and assign to Buyer all of the Acquired Assets and to confirm Buyer's assumption of the Assumed Liabilities.

3.     Conflicts with Purchase Agreement.  To the extent there is a conflict between the terms and provisions of this Bill of Sale and the Purchase Agreement, the terms and provisions of the Purchase Agreement will govern.

CH\1173807

4.     Severability.  If any provision of this Bill of Sale or the application of any such provision to any Person or circumstance shall be held invalid, illegal, or unenforceable in any respect by a court of competent jurisdiction, such invalidity, illegality or unenforceability shall not affect any other provision hereof.

5.     Amendment; Waiver.  Any provision of this Bill of Sale may be amended or waived if such amendment or waiver is in writing and is signed, in the case of an amendment, by each party to this Bill of Sale, or, in the case of a waiver, by the party against whom the waiver is to be effective.

6.     Headings.  Titles and headings of sections of this Bill of Sale are inserted for convenience only and shall not affect in any way the meaning or interpretation of this Bill of Sale.

7.     Notices.  Any notice, request, or other document to be given hereunder to any party hereto shall be given in the manner specified in Section 9(g) of the Purchase Agreement.  Any party hereto may change its address for receiving notices, requests, and other documents by giving written notice of such change to the other parties hereto in accordance with the Purchase Agreement.

8.     Beneficiaries; Successors and Assigns.   Nothing in this Bill of Sale, express or implied, is intended or shall be construed to confer upon, or give to, any Person other than Sellers or Buyer and their respective successors and permitted assigns, any remedy or claim under or by reason of this Bill of Sale or any terms, covenants or conditions hereof, and all of the terms, covenants and conditions, promises and agreements contained in this Bill of Sale shall be for the sole and exclusive benefit of Sellers, Buyer and their respective successors and permitted assigns.  This Bill of Sale shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and permitted assigns, effective immediately upon its delivery to Buyer.

9.     Governing Law.  Except to the extent the mandatory provisions of the Bankruptcy Code apply and except as otherwise provided for under the Sale Order, this Bill of Sale shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts made and to be performed entirely in such state without regard to principles of conflicts or choice of laws or any other law that would make the laws of any other jurisdiction other than the State of New York applicable hereto.

10.     Signatures; Counterparts.  This Bill of Sale may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument.  This Bill of Sale or any counterpart may be executed and delivered by facsimile or email with scan attachment copies or pdf, each of which shall be deemed an original.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned have caused this Bill of Sale to be duly executed and delivered as of the date first set forth above.

**BUYER:**

NEV HOLDINGS, LLC

By: _____
     Name:
     Title:

**SELLERS:**

NEC HOLDINGS CORP.

By: _____
     Name:
     Title:

NATIONAL ENVELOPE CORPORATION

By: _____
     Name:
     Title:

NATIONAL ENVELOPE – WH LLC

By: _____
     Name:
     Title:

[SIGNATURE PAGE TO BILL OF SALE]

NATIONAL ENVELOPE – AECO
LLC

By: _____
    Name:
    Title:


NATIONAL ENVELOPE – CHINO
LLC

By: _____
    Name:
    Title:


NATIONAL ENVELOPE – CITY
OF INDUSTRY, LLC

By: _____
    Name:
    Title:


NATIONAL ENVELOPE – ENNIS
LLC

By: _____
    Name:
    Title:


NATIONAL ENVELOPE –
CORSICANA LLC

By: _____
    Name:
    Title:


[SIGNATURE PAGE TO BILL OF SALE]

NATIONAL ENVELOPE –
GRAND PRAIRIE LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE –
AURORA LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE –
LENEXA LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE –
APPLETON LLC


By: _____
    Name:
    Title:

NATIONAL ENVELOPE – ELK
GROVE VILLAGE LLC

By: _____
    Name:
    Title:


NATIONAL ENVELOPE –
SCOTTDALE LLC

By: _____
    Name:
    Title:


NATIONAL ENVELOPE
CORPORATION – EAST

By: _____
    Name:
    Title:


NATIONAL ENVELOPE –
SPECIALTIES GROUP LLC

By: _____
    Name:
    Title:


NATIONAL ENVELOPE –
HOUSTON LLC

By: _____
    Name:
    Title:


[SIGNATURE PAGE TO BILL OF SALE]

NATIONAL ENVELOPE –
SHELBYVILLE EQUITY LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE – EXTON
EQUITY LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE –
NASHVILLE EQUITY LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE –
HOUSTON EQUITY LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE –
LEASING LLC


By: _____
    Name:
    Title:

NEW YORK ENVELOPE CORP.


By: _____
    Name:
    Title:


NATIONAL ENVELOPE
CORPORATION – NORTH


By: _____
    Name:
    Title:


NATIONAL ENVELOPE
CORPORATION – SOUTH


By: _____
    Name:
    Title:


NATIONAL ENVELOPE
CORPORATION – CENTRAL


By: _____
    Name:
    Title:


OLD COLONY ENVELOPE CORP.


By: _____
    Name:
    Title:


[SIGNATURE PAGE TO BILL OF SALE]

ARISTOCRAT ENVELOPE
CORPORATION

By: _____
      Name:
      Title:

## ANNEX A

| Entity Name | Jurisdiction |
|---|---|
| National Envelope – WH LLC | New York |
| National Envelope – AECO LLC | Delaware |
| National Envelope – Chino LLC | California |
| National Envelope – City of Industry, LLC | California |
| National Envelope – Ennis LLC | Delaware |
| National Envelope – Corsicana LLC | Texas |
| National Envelope – Grand Prairie LLC | Texas |
| National Envelope – Aurora LLC | Colorado |
| National Envelope – Lenexa LLC | Kansas |
| National Envelope – Appleton LLC | Wisconsin |
| National Envelope – Elk Grove Village LLC | Illinois |
| National Envelope – Scottdale LLC | Pennsylvania |
| National Envelope Corporation – East | New Jersey |
| National Envelope – Specialties Group LLC | Delaware |
| National Envelope – Houston LLC | Texas |
| National Envelope – Shelbyville Equity LLC | Delaware |
| National Envelope – Exton Equity LLC | Delaware |
| National Envelope – Nashville Equity LLC | Delaware |
| National Envelope – Houston Equity LLC | Delaware |
| National Envelope – Leasing LLC | Delaware |
| New York Envelope Corp. | New York |
| National Envelope Corporation – North | Massachusetts |
| National Envelope Corporation – South | Georgia |
| National Envelope Corporation – Central | Missouri |
| Old Colony Envelope Corp. | Massachusetts |
| Aristocrat Envelope Corporation | New York |

## EXHIBIT E

Form of Assignment and Assumption Agreement

## ASSIGNMENT AND ASSUMPTION AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Assignment and Assumption Agreement"), dated _____, 2010, is made and entered into by and among NEV Holdings, LLC ("Assignee"), NEC Holdings Corp. ("Holdings"), National Envelope Corporation ("NEC") and the direct and indirect subsidiaries of NEC listed on Annex A attached hereto (together with Holdings and NEC, "Assignors"). Capitalized terms used but not defined herein have the meanings given to such terms in that certain Asset Purchase Agreement, dated as of July 8, 2010, by and among Assignee and Assignors (the "Purchase Agreement").

### RECITALS

WHEREAS, Assignee and Assignors have entered into the Purchase Agreement, pursuant to which Assignors have agreed to sell and Assignee has agreed to purchase the Acquired Assets and assume the Assumed Liabilities, all as more specifically set forth in the Purchase Agreement; and

WHEREAS, in accordance with the terms of the Purchase Agreement, Assignors and Assignee shall enter into this Assignment and Assumption Agreement providing for (a) the assignment from Assignors to Assignee of all of Assignors' right, title and interest in, under and to all of the Acquired Assets and the acceptance by Assignee of such assignment and (b) the assumption by Assignee of the Assumed Liabilities related thereto.

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.    Acquired Assets. Assignors hereby sell, transfer, assign, convey and deliver unto Assignee, free and clear of all Liens other than Permitted Liens, all of the rights, title, and interest in, and under all of the Acquired Assets.

2.    Assumed Liabilities; Excluded Liabilities. Assignee hereby assumes and agrees to pay, perform, fulfill and discharge, and be bound by the terms, obligations and duties of all Assumed Liabilities pursuant to Section 2(b) of the Purchase Agreement. Except for the Liabilities assumed pursuant to the foregoing sentence, Assignee shall assume no other Liabilities and shall not be liable for the Excluded Liabilities pursuant to Section 2(b) of the Purchase Agreement.

3.    Further Assurances. Solely to the extent as provided in Section 6(a) of the Purchase Agreement, Assignors and Assignee shall each, without further consideration, until the dissolution or liquidation of Assignors, take such further actions and execute, acknowledge (if appropriate) and deliver, or cause the execution, acknowledgment and delivery of, such further documents and instruments as may reasonably be requested by another party hereto or such other party's successors and

permitted assigns, to carry out the purpose and intent of this Assignment and Assumption Agreement and the Purchase Agreement.

        4.     <u>Amendment; Waiver</u>.  Any provision of this Assignment and Assumption Agreement may be amended or waived if such amendment or waiver is in writing and is signed, in the case of an amendment, by each party to this Assignment and Assumption Agreement, or, in the case of a waiver, by the party against whom the waiver is to be effective.

        5.     <u>Beneficiaries; Successors and Assigns</u>.    Nothing in this Assignment and Assumption Agreement, express or implied, is intended or shall be construed to confer upon, or give to, any Person other than Assignors or Assignee and their respective successors and permitted assigns, any legal or equitable benefit, claim, cause of action, remedy or right of any kind under or by reason of this Assignment and Assumption Agreement or any terms, covenants or conditions hereof, and all of the terms, covenants and conditions, promises and agreements contained in this Assignment and Assumption Agreement shall be for the sole and exclusive benefit of Assignors, Assignee and their respective successors and permitted assigns.  This Assignment and Assumption Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and permitted assigns, effective immediately upon its execution by all of the parties hereto.

        6.     <u>Governing Law</u>.  Except to the extent the mandatory provisions of the Bankruptcy Code apply and except as otherwise provided for under the Sale Order, this Assignment and Assumption Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts made and to be performed entirely in such state without regard to principles of conflicts or choice of laws or any other law that would make the laws of any other jurisdiction other than the State of New York applicable hereto.

        7.     <u>Conflicts with Purchase Agreement</u>.  To the extent there is an inconsistency or conflict between the terms and provisions of this Assignment and Assumption Agreement and the Purchase Agreement, the terms and provisions of the Purchase Agreement will govern.  Nothing contained in this Assignment and Assumption Agreement shall in any way supersede, modify, replace, amend, change, rescind, waive, defeat, limit, impair, expand, exceed, enlarge or affect the provisions set forth in, or any Person's rights, remedies or obligations under, the Purchase Agreement.

        8.     <u>Headings</u>.  Titles and headings of sections of this Assignment and Assumption Agreement are for convenience of reference only and shall not affect the construction of any provision of this Assignment and Assumption Agreement.

        9.     <u>Notices</u>.  Any notice, request, or other document to be given hereunder to any party hereto shall be given in the manner specified in Section 9(g) of the Purchase Agreement.  Any party hereto may change its address for receiving notices,

requests, and other documents by giving written notice of such change to the other parties hereto in accordance with the Purchase Agreement.

10.    Severability.    The provisions of this Assignment and Assumption Agreement shall be deemed severable, and the invalidity or unenforceability of any provision shall not affect the validity or enforceability of the other provisions hereof. If any provision of this Assignment and Assumption Agreement or the application of any such provision to any Person or any circumstance shall be held invalid, illegal, or unenforceable in any respect by a court of competent jurisdiction, the remainder of this Assignment and Assumption Agreement and the application of such provision to other Persons or circumstances shall not be affected by such invalidity, illegality or unenforceability.

11.    Signatures; Counterparts.    This Assignment and Assumption Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument. This Assignment and Assumption Agreement or any counterpart may be executed and delivered by facsimile or email with scan attachment copies or pdf, each of which shall be deemed an original.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned have caused this Assignment and Assumption Agreement to be duly executed and delivered as of the date first set forth above.

**ASSIGNEE:**

NEV HOLDINGS, LLC

By: _____
      Name:
      Title:

**ASSIGNORS:**

NEC HOLDINGS CORP.

By: _____
      Name:
      Title:

NATIONAL ENVELOPE
CORPORATION

By: _____
      Name:
      Title:

NATIONAL ENVELOPE – WH LLC

By: _____
      Name:
      Title:

[SIGNATURE PAGE TO ASSIGNMENT AND ASSUMPTION AGREEMENT]

NATIONAL ENVELOPE – AECO LLC


By: _____
     Name:
     Title:


NATIONAL ENVELOPE – CHINO LLC


By: _____
     Name:
     Title:


NATIONAL ENVELOPE – CITY OF INDUSTRY, LLC


By: _____
     Name:
     Title:


NATIONAL ENVELOPE – ENNIS LLC


By: _____
     Name:
     Title:


NATIONAL ENVELOPE – CORSICANA LLC


By: _____
     Name:
     Title:


[SIGNATURE PAGE TO ASSIGNMENT AND ASSUMPTION AGREEMENT]

NATIONAL ENVELOPE –
GRAND PRAIRIE LLC

By: _____
      Name:
      Title:


NATIONAL ENVELOPE –
AURORA LLC

By: _____
      Name:
      Title:


NATIONAL ENVELOPE –
LENEXA LLC

By: _____
      Name:
      Title:


NATIONAL ENVELOPE –
APPLETON LLC

By: _____
      Name:
      Title:

NATIONAL ENVELOPE – ELK
GROVE VILLAGE LLC


By: _____
      Name:
      Title:


NATIONAL ENVELOPE –
SCOTTDALE LLC


By: _____
      Name:
      Title:


NATIONAL ENVELOPE
CORPORATION – EAST


By: _____
      Name:
      Title:


NATIONAL ENVELOPE --
SPECIALTIES GROUP LLC


By: _____
      Name:
      Title:


NATIONAL ENVELOPE –
HOUSTON LLC


By: _____
      Name:
      Title:


[SIGNATURE PAGE TO ASSIGNMENT AND ASSUMPTION AGREEMENT]

NATIONAL ENVELOPE –
SHELBYVILLE EQUITY LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE – EXTON
EQUITY LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE –
NASHVILLE EQUITY LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE –
HOUSTON EQUITY LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE –
LEASING LLC


By: _____
    Name:
    Title:


[SIGNATURE PAGE TO ASSIGNMENT AND ASSUMPTION AGREEMENT]

NEW YORK ENVELOPE CORP.

By: _____
    Name:
    Title:


NATIONAL ENVELOPE
CORPORATION – NORTH

By: _____
    Name:
    Title:


NATIONAL ENVELOPE
CORPORATION – SOUTH

By: _____
    Name:
    Title:


NATIONAL ENVELOPE
CORPORATION – CENTRAL

By: _____
    Name:
    Title:


OLD COLONY ENVELOPE CORP.

By: _____
    Name:
    Title:


[SIGNATURE PAGE TO ASSIGNMENT AND ASSUMPTION AGREEMENT]

ARISTOCRAT ENVELOPE
CORPORATION


By: _____
     Name:
     Title:

<u>ANNEX A</u>

| **Entity Name** | **Jurisdiction** |
|---|---|
| National Envelope – WH LLC | New York |
| National Envelope – AECO LLC | Delaware |
| National Envelope – Chino LLC | California |
| National Envelope – City of Industry, LLC | California |
| National Envelope – Ennis LLC | Delaware |
| National Envelope – Corsicana LLC | Texas |
| National Envelope – Grand Prairie LLC | Texas |
| National Envelope – Aurora LLC | Colorado |
| National Envelope – Lenexa LLC | Kansas |
| National Envelope – Appleton LLC | Wisconsin |
| National Envelope – Elk Grove Village LLC | Illinois |
| National Envelope – Scottdale LLC | Pennsylvania |
| National Envelope Corporation – East | New Jersey |
| National Envelope – Specialties Group LLC | Delaware |
| National Envelope – Houston LLC | Texas |
| National Envelope – Shelbyville Equity LLC | Delaware |
| National Envelope – Exton Equity LLC | Delaware |
| National Envelope – Nashville Equity LLC | Delaware |
| National Envelope – Houston Equity LLC | Delaware |
| National Envelope – Leasing LLC | Delaware |
| New York Envelope Corp. | New York |
| National Envelope Corporation – North | Massachusetts |
| National Envelope Corporation – South | Georgia |
| National Envelope Corporation – Central | Missouri |
| Old Colony Envelope Corp. | Massachusetts |
| Aristocrat Envelope Corporation | New York |

# EXHIBIT F

Form of Assignment of Intellectual Property

**FINAL**

## ASSIGNMENT OF INTELLECTUAL PROPERTY

THIS ASSIGNMENT OF INTELLECTUAL PROPERTY (this "Assignment"), dated as of _____, 2010 (the "Effective Date"), is made and entered into by and among NEV Holdings, LLC ("Assignee"), NEC Holdings Corp. ("Holdings"), National Envelope Corporation ("NEC") and the direct and indirect subsidiaries of NEC listed on Annex A attached hereto (together with Holdings and NEC, "Assignors"). Capitalized terms used but not defined herein have the meanings given to such terms in that certain Asset Purchase Agreement, dated as of July 8, 2010, by and among Assignee and Assignors (the "Purchase Agreement").

## RECITALS

WHEREAS, Assignee and Assignors have entered into the Purchase Agreement, pursuant to which Assignors have agreed to sell, assign, convey, transfer and deliver all of their right, title and interest in, to and under the Acquired Intellectual Property to Assignee, and Assignee has agreed to purchase and acquire all right, title and interest in, to and under the Acquired Intellectual Property from Assignors, upon the terms and subject to the conditions of the Purchase Agreement; and

WHEREAS, Assignors and Assignee desire to carry out the intent and purpose of the Purchase Agreement by execution and delivery of this Assignment, subject to the provisions of the Purchase Agreement.

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.    Assignment of Intellectual Property. Subject to the terms and conditions of this Assignment and the Purchase Agreement, each of the Assignors hereby assigns, transfers, sells and conveys to Assignee, as of the Closing Date, all of its right, title, and interest throughout the world in and to the Acquired Intellectual Property, including, without limitation, the following:

(a)    all patents, patent applications and patent disclosures throughout the world included in the Acquired Intellectual Property (the "Patents") (including, without limitation, the issued patents and pending patent applications listed on Attachment 1 to each Patent Assignment in the form attached as Exhibit A hereto), and any provisionals, divisionals, continuations or continuations-in-part of any of the foregoing, any other applications that claim priority from any of the foregoing and any patents issuing on any of the foregoing (including, without limitation, any foreign patent applications or patents, or certificates of invention corresponding thereto) and any reexaminations, extensions, substitutions and reissues of any of the foregoing, and all rights, claims and privileges pertaining to any of the foregoing, including, without limitation, rights to the underlying inventions, the right to prosecute and maintain such patents and patent applications and the right to sue and recover damages for past, present and future infringement of any of the foregoing;

(b)    all trademarks, service marks, trade dress, trade names, brands, slogans, logos, corporate names and all other indicia of origin, together with all translations, adaptations, derivations and combinations of any of the foregoing, whether in word mark, stylized or design format, registered and unregistered, throughout the world, in each case included in the Acquired Intellectual Property (the "Marks") (including, without limitation, those trademark and service mark registrations and applications for trademark and service mark registration listed on Attachment 1 to each Trademark Assignment in the form attached as Exhibit B hereto), together with the goodwill associated with and symbolized by any of the Marks, and all applications, registrations, renewals and extensions for any of the Marks, and all rights, claims and privileges pertaining to any of the Marks, including, without limitation, the right to prosecute and maintain trademark and service mark registrations and applications for any of the Marks and the right to sue and recover damages for past, present and future infringement of any of the Marks;

(c)    all copyrights, registered and unregistered, and works of authorship included in the Acquired Intellectual Property (the "Copyrights") (including, without limitation, those copyright registrations and copyright applications listed on Attachment 1 to each Copyright Assignment in the form attached as Exhibit C hereto), and all applications, registrations, renewals, extensions and reversions for any of the Copyrights, and all rights, claims and privileges pertaining to any of the Copyrights, including, without limitation, the right to prosecute and maintain copyright registrations and applications for any of the Copyrights and the right to sue and recover damages for past, present and future infringement of any of the Copyrights;

(d)    all Internet domain name registrations included in the Acquired Intellectual Property (the "Domain Names") (including, without limitation, the Internet domain name registrations listed on Attachment 1 to each Domain Name Assignment in the form attached as Exhibit D hereto), together with the goodwill associated with and symbolized by any of the Domain Names, and all applications, registrations, renewals and extensions for any of the Domain Names, and all rights, claims and privileges pertaining to any of the Domain Names, including, without limitation, the right to prosecute and maintain domain name registrations and applications for any of the Domain Names and the right to sue and recover damages for past, present and future infringement of any of the Domain Names; and

(e)    all trade secrets, know-how and other confidential or proprietary information (including, without limitation, discoveries, concepts, ideas, research and development, inventions (whether patentable or not and whether reduced to practice or not), improvements, compositions, processes, techniques, technical data and information, databases and compilations of data, procedures, methods, designs, drawings, specifications, Software, algorithms, technology, formulas, customer lists, supplier lists and business and marketing plans and proposals) included in the Acquired Intellectual Property, and all rights, claims and privileges pertaining to any of the foregoing, including, without limitation, the right to sue and recover damages for past, present and future infringement or misappropriation of any of the foregoing.

2.    Moral Rights.  Any assignment of a Copyright under this Assignment includes all rights of paternity, attribution, integrity, disclosure and withdrawal and any other

rights that may be known as or referred to as "moral rights" (collectively, "Moral Rights"). To the extent Moral Rights cannot be transferred or assigned under applicable law and to the extent allowed by law, each of the Assignors hereby waives all Moral Rights with respect to all Copyrights included in the Acquired Intellectual Property, and all uses thereof, and consents to any action of Assignee that would violate any of such Moral Rights in the absence of such waiver or consent.

3.      Further Assurances. Solely to the extent as provided in Section 6(a) of the Purchase Agreement, Assignors shall take all actions reasonably requested by Assignee (at Assignee's expense), and shall execute any documents as may be reasonably requested by Assignee, from time to time to fully vest or perfect in Assignee all right, title and interest in and to all of the Acquired Intellectual Property. Such actions shall include, without limitation, execution of the assignments in the forms attached hereto as Exhibit A, Exhibit B, Exhibit C and Exhibit D and providing documents and information in the possession or control of Assignors that are reasonably necessary for Assignee or any of its affiliates, designees or agents to prosecute or maintain any registration or application for any of the Acquired Intellectual Property, or pursue or defend any administrative, court or other legal proceeding involving any of the Acquired Intellectual Property.

4.      Beneficiaries; Successors and Assigns. Nothing in this Assignment, express or implied, is intended or shall be construed to confer upon, or give to, any Person other than Assignors and Assignee and their respective successors and permitted assigns, any legal or equitable benefit, claim, cause of action, remedy or right of any kind under or by reason of this Assignment or any terms, covenants or conditions hereof, and all of the terms, covenants and conditions, promises and agreements contained in this Assignment shall be for the sole and exclusive benefit of Assignors, Assignee and their respective successors and permitted assigns. This Assignment shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and permitted assigns, effective immediately upon its delivery to Assignee.

5.      Severability. The provisions of this Assignment shall be deemed severable, and the invalidity or unenforceability of any provision shall not affect the validity or enforceability of the other provisions hereof. If any provision of this Assignment or the application of any such provision to any Person or any circumstance shall be held invalid, illegal, or unenforceable in any respect by a court of competent jurisdiction, the remainder of this Assignment and the application of such provision to other Persons or circumstances shall not be affected by such invalidity, illegality or unenforceability.

6.      Conflicts with Purchase Agreement. To the extent there is an inconsistency or conflict between the terms and provisions of this Assignment and the Purchase Agreement, the terms and provisions of the Purchase Agreement will govern. Nothing contained in this Assignment shall in any way supersede, modify, replace, amend, change, rescind, waive, defeat, limit, impair, expand, exceed, enlarge or affect the provisions set forth in, or any Person's rights, remedies or obligations under, the Purchase Agreement.

7.      Amendment; Waiver. Any provision of this Assignment may be amended or waived if such amendment or waiver is in writing and is signed, in the case of an amendment,

by each party to this Assignment, or, in the case of a waiver, by the party against whom the waiver is to be effective.

8.      Headings.   Titles and headings of sections of this Assignment are for convenience of reference only and shall not affect the construction of any provision of this Assignment.

9.      Notices.   Any notice, request, or other document to be given hereunder to any party hereto shall be given in the manner specified in Section 9(g) of the Purchase Agreement.  Any party hereto may change its address for receiving notices, requests, and other documents by giving written notice of such change to the other parties hereto in accordance with the Purchase Agreement.

10.      Governing Law.   Except to the extent the mandatory provisions of the Bankruptcy Code apply and except as otherwise provided for under the Sale Order, this Assignment shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts made and to be performed entirely in such state without regard to principles of conflicts or choice of laws or any other law that would make the laws of any other jurisdiction other than the State of New York applicable hereto.

11.      Signatures; Counterparts.   This Assignment may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument.  This Assignment or any counterpart may be executed and delivered by facsimile or email with scan attachment copies or pdf, each of which shall be deemed an original.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned have caused this Assignment to be duly executed and delivered as of the date first set forth above.

**ASSIGNEE:**

NEV HOLDINGS, LLC

By: _____
    Name:
    Title:

**ASSIGNORS:**

NEC HOLDINGS CORP.

By: _____
    Name:
    Title:

NATIONAL ENVELOPE CORPORATION

By: _____
    Name:
    Title:

NATIONAL ENVELOPE -- WH LLC

By: _____
    Name:
    Title:

[SIGNATURE PAGE TO ASSIGNMENT OF INTELLECTUAL PROPERTY]

NATIONAL ENVELOPE – AECO LLC


By: _____
       Name:
       Title:


NATIONAL ENVELOPE – CHINO LLC


By: _____
       Name:
       Title:


NATIONAL ENVELOPE – CITY OF
INDUSTRY, LLC


By: _____
       Name:
       Title:


NATIONAL ENVELOPE – ENNIS LLC


By: _____
       Name:
       Title:


NATIONAL ENVELOPE – CORSICANA
LLC


By: _____
       Name:
       Title:

NATIONAL ENVELOPE – GRAND PRAIRIE LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE – AURORA LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE – LENEXA LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE – APPLETON LLC


By: _____
    Name:
    Title:

NATIONAL ENVELOPE – ELK GROVE
VILLAGE LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE – SCOTTDALE
LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE CORPORATION
– EAST


By: _____
    Name:
    Title:


NATIONAL ENVELOPE – SPECIALTIES
GROUP LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE – HOUSTON
LLC


By: _____
    Name:
    Title:


[SIGNATURE PAGE TO ASSIGNMENT OF INTELLECTUAL PROPERTY]

NATIONAL ENVELOPE –
SHELBYVILLE EQUITY LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE – EXTON
EQUITY LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE – NASHVILLE
EQUITY LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE – HOUSTON
EQUITY LLC


By: _____
    Name:
    Title:


NATIONAL ENVELOPE – LEASING LLC


By: _____
    Name:
    Title:

NEW YORK ENVELOPE CORP.


By: _____
    Name:
    Title:


NATIONAL ENVELOPE CORPORATION
– NORTH


By: _____
    Name:
    Title:


NATIONAL ENVELOPE CORPORATION
– SOUTH


By: _____
    Name:
    Title:


NATIONAL ENVELOPE CORPORATION
– CENTRAL


By: _____
    Name:
    Title:


OLD COLONY ENVELOPE CORP.


By: _____
    Name:
    Title:


[SIGNATURE PAGE TO ASSIGNMENT OF INTELLECTUAL PROPERTY]

ARISTOCRAT ENVELOPE
CORPORATION


By: _____
     Name:
     Title:

## EXHIBIT A

## PATENT ASSIGNMENT

THIS PATENT ASSIGNMENT (this "Patent Assignment"), dated as of [_____]
__, 2010, is made and entered into by and between [_____], a
[_____] ("Assignor"), and NEV Holdings, LLC, a Delaware limited liability
company ("Assignee").

WHEREAS, Assignor and Assignee have entered into an Assignment of
Intellectual Property, dated as of the date hereof (the "Assignment of Intellectual Property"),
pursuant to which Assignor has agreed to assign to Assignee the Assigned Patents (as defined
below).

NOW, THEREFORE, in consideration of the premises and for other good and
valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties
hereto agree as follows:

1.      Assigned Patents.

"Assigned Patents" means the issued patents and pending patent applications
listed on Attachment 1 attached hereto.

2.      Assignment.

Assignor hereby assigns, transfers, sells and conveys to Assignee all of its right,
title and interest throughout the world in and to the Assigned Patents, and any provisionals,
divisionals, continuations, continuations-in-part and any other applications that claim priority
from any of the Assigned Patents and any patents issuing on any of the foregoing and any
reexaminations, extensions, substitutions and reissues of any of the foregoing, and all rights,
claims and privileges pertaining to any of the Assigned Patents, including, without limitation,
rights to the underlying inventions, the right to prosecute and maintain any of the Assigned
Patents, and the right to sue and recover damages for past, present and future infringement or
other violation or impairment of any of the Assigned Patents.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned have caused this Patent Assignment to be duly executed and delivered as of the date first set forth above.

**ASSIGNOR:**

[_____]

By: _____
    Name:
    Title:

**ASSIGNEE:**

NEV HOLDINGS, LLC

By: _____
    Name:
    Title:

## ATTACHMENT 1

## ASSIGNED PATENTS

| Title | Application Serial No. | Application Filing Date | Patent Number | Issuance Date |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

## EXHIBIT B

## TRADEMARK ASSIGNMENT

THIS TRADEMARK ASSIGNMENT (this "Trademark Assignment"), dated as of [_____] __, 2010, is made and entered into by and between [_____], a [_____] ("Assignor"), and NEV Holdings, LLC, a Delaware limited liability company ("Assignee").

WHEREAS, Assignor and Assignee have entered into an Assignment of Intellectual Property, dated as of the date hereof (the "Assignment of Intellectual Property"), pursuant to which Assignor has agreed to assign to Assignee the Assigned Marks (as defined below).

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.     Assigned Marks.

"Assigned Marks" means the trademarks, service marks, trade dress, trade names, brands, slogans, logos, corporate names and all other indicia of origin, together with all translations, adaptations, derivations and combinations of any of the foregoing, which are listed on Attachment 1 attached hereto, including, without limitation, the registrations and applications therefor listed on Attachment 1 attached hereto.

2.     Assignment.

Assignor hereby assigns, transfers, sells and conveys to Assignee all of its rights, title and interest throughout the world in and to the Assigned Marks, and the registrations and applications therefor and any renewals and extensions of any of the foregoing, together with the goodwill symbolized by any of the Assigned Marks and all rights, claims and privileges pertaining to any of the Assigned Marks, including, without limitation, the right to sue and recover damages for past, present and future infringement of any of the Assigned Marks, and the right to prosecute and maintain trademark and service mark registrations and applications for any of the Assigned Marks.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned have caused this Trademark Assignment to be duly executed and delivered as of the date first set forth above.

**ASSIGNOR:**

[_____]

By: _____
    Name:
    Title:

**ASSIGNEE:**

NEV HOLDINGS, LLC

By: _____
    Name:
    Title:

[SIGNATURE PAGE TO TRADEMARK ASSIGNMENT]

## ATTACHMENT 1

## ASSIGNED MARKS

| Trademark/Service Mark | Application Number | Application Filing Date | Registration Number | Registration Date |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

## EXHIBIT C

## COPYRIGHT ASSIGNMENT

THIS COPYRIGHT ASSIGNMENT (this "Copyright Assignment"), dated as of [_____] __, 2010, is made and entered into by and between [_____], a [_____] ("Assignor"), and NEV Holdings, LLC, a Delaware limited liability company ("Assignee").

WHEREAS, Assignor and Assignee have entered into an Assignment of Intellectual Property, dated as of the date hereof (the "Assignment of Intellectual Property"), pursuant to which Assignor has agreed to assign to Assignee the Assigned Copyrights (as defined below).

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.    Assigned Copyrights.

"Assigned Copyrights" means the copyrights that are the subject of the registrations and pending applications listed on Attachment 1 attached hereto.

2.    Assignment.

Assignor hereby assigns, transfers, sells and conveys to Assignee all of its rights, title and interest throughout the world in and to the Assigned Copyrights, and the registrations and applications therefor and any renewals, extensions and reversions of any of the foregoing, and all rights, claims and privileges pertaining to any of the Assigned Copyrights, including, without limitation, the right to prosecute and maintain copyright applications and registrations for any of the Assigned Copyrights, and the right to sue and recover damages for past, present and future infringement of any of the Assigned Copyrights.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned have caused this Copyright Assignment to be duly executed and delivered as of the date first set forth above.

**ASSIGNOR:**

[_____]

By: _____
      Name:
      Title:

**ASSIGNEE:**

NEV HOLDINGS, LLC

By: _____
      Name:
      Title:

[SIGNATURE PAGE TO COPYRIGHT ASSIGNMENT]

## ATTACHMENT 1

### ASSIGNED COPYRIGHTS

| Title | Application Number | Application Filing Date | Registration Number | Registration Date |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**EXHIBIT D**

**DOMAIN NAME ASSIGNMENT**

THIS DOMAIN NAME ASSIGNMENT ("Domain Name Assignment"), dated as of [\_\_\_\_\_] \_\_, 2010, is made and entered into by and between [_____], a [_____] ("Assignor"), and NEV Holdings, LLC, a Delaware limited liability company ("Assignee").

WHEREAS, Assignor and Assignee have entered into an Assignment of Intellectual Property, dated as of the date hereof (the "Assignment of Intellectual Property"), pursuant to which Assignor has agreed to assign to Assignee the Assigned Domain Names (as defined below).

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.    Assigned Domain Names.

"Assigned Domain Names" means the Internet domain names listed on Attachment 1 attached hereto.

2.    Assignment.

2.1    Assignment.  Assignor hereby assigns, transfers, sells and conveys to Assignee all of Assignor's right, title and interest throughout the world in and to the Assigned Domain Names, together with any and all goodwill related to any of the Assigned Domain Names.

2.2    Action to Record.  In conjunction with the transfer of the Assigned Domain Names, Assignor shall carry out the formal transfer of the Assigned Domain Names to Assignee in accordance with the applicable domain name transfer procedure for the Assigned Domain Names ("Transfer Procedure") and provide authorization to Network Solutions, Inc., its designee, or any other applicable entity to transfer ownership, title and registration to the Assigned Domain Names to Assignee.  Assignor agrees that it will execute any and all documents and provide any and all authorizations that may be necessary to perfect Assignee's rights in and to the Assigned Domain Names, including, without limitation, any documents and authorizations as are necessary to effect the formal transfer of the Assigned Domain Names to Assignee in accordance with the Transfer Procedure.  All costs associated with or related to such transfer shall be paid by Assignee.

IN WITNESS WHEREOF, the undersigned have caused this Domain Name Assignment to be duly executed and delivered as of the date first set forth above.

**ASSIGNOR:**

[_____]

By: _____
    Name:
    Title:

**ASSIGNEE:**

NEV HOLDINGS, LLC

By: _____
    Name:
    Title:

[SIGNATURE PAGE TO DOMAIN NAME ASSIGNMENT]

**ATTACHMENT 1**

**DOMAIN NAMES**

## ANNEX A

| Entity Name | Jurisdiction |
| --- | --- |
| National Envelope – WH LLC | New York |
| National Envelope – AECO LLC | Delaware |
| National Envelope – Chino LLC | California |
| National Envelope – City of Industry, LLC | California |
| National Envelope – Ennis LLC | Delaware |
| National Envelope – Corsicana LLC | Texas |
| National Envelope – Grand Prairie LLC | Texas |
| National Envelope – Aurora LLC | Colorado |
| National Envelope – Lenexa LLC | Kansas |
| National Envelope – Appleton LLC | Wisconsin |
| National Envelope – Elk Grove Village LLC | Illinois |
| National Envelope – Scottdale LLC | Pennsylvania |
| National Envelope Corporation – East | New Jersey |
| National Envelope – Specialties Group LLC | Delaware |
| National Envelope – Houston LLC | Texas |
| National Envelope – Shelbyville Equity LLC | Delaware |
| National Envelope – Exton Equity LLC | Delaware |
| National Envelope – Nashville Equity LLC | Delaware |
| National Envelope – Houston Equity LLC | Delaware |
| National Envelope – Leasing LLC | Delaware |
| New York Envelope Corp. | New York |
| National Envelope Corporation – North | Massachusetts |
| National Envelope Corporation – South | Georgia |
| National Envelope Corporation – Central | Missouri |
| Old Colony Envelope Corp. | Massachusetts |
| Aristocrat Envelope Corporation | New York |

## EXHIBIT G

Form of Transition Services Agreement