UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                  )  Chapter 11
                                        )  Case No. 10-11890-PJW
**NEC Holdings Corp, et al.,**          )          10-11898
                                        )
        Debtors.                        )
                                           Claim No.: 295
                                           Date Claim Filed: 8/23/10
                                           Claim Amount: $218.58

## NOTICE OF TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(1)

**TO:    TRANSFEROR:**    SAW SALES & MACHINERY CO.
                          5160 N Pioneer Road
                          Gibsonia Pa 15044-9642

PLEASE TAKE NOTICE of the transfer of all right, title and interest in the above claim against NEC Holdings Corp. and its affiliates in the above amount as evidenced by the attached Evidence of Transfer of Claim to:

**TRANSFEREE:**              **RICHARD FALK-WALLACE**
(where notices and           905 West End Avenue
payments to transferee       New York, NY 10025
should be sent)              Ph: 917-679-1281
                             Email: rwf2110@columbia.edu

No action is required if you do not object to the transfer of the claim as described above. **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

- FILE A WRITTEN OBJECTION TO THE TRANSFER WITH THE COURT
- SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE
- IF YOU FILE AN OBJECTION, A HEARING WILL BE SCHEDULED
- IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING

                                              _____
                                              Clerk of the Court

Richard Falk-Wallace

## ASSIGNMENT OF CLAIM AGREEMENT

**Assignment of Claim.** Saw Sales & Machinery Co., with a principal address of 5160 N Pioneer Road, Gibsonia, PA 15044-9642, its successors and assigns ("Seller"), for good and valuable consideration, the sufficiency of which is hereby acknowledged, in the sum of $ _____ (the "Purchase Price"), does hereby absolutely and unconditionally sell, assign and transfer to Richard Falk-Wallace, having an address of 905 West End Avenue, New York, NY 10025 and any of its successors, assigns or designees ("Buyer", and together with Seller, the "Parties"), all of Seller's rights, title and interests in and to Seller's claim or claims, as more specifically set forth below (the "Claim"), against National Envelope – Scottdale LLC (the "Debtor"), Case No. 10-11898, Debtor in proceedings for reorganization in the United States Bankruptcy Court for the District of Delaware (the "Court"), jointly administered under NEC Holdings Corp. as Case No. 10-11890 (the "Proceedings"), in the aggregate amount of not less than $218.58 (the "Claim Amount") and all rights and benefits of Seller relating to the Claim, including without limitation, (i) any proofs of claim filed in respect of the Claim, (ii) all agreements, instruments, invoices, receivables, purchase orders and other documents evidencing or relating to the Claim (the "Claim Documentation"); (iii) all of Seller's right to receive principal, interest, fees, expenses, damages, penalties and other amounts, including cure payments within the meaning of Section 365 of Title 11 of the U.S. Bankruptcy Code, in respect of the Claim; (iv) any actions, claims, lawsuits or rights against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to the Claim; (v) all cash, securities, instruments, proceeds and other property issued in respect of, or exchanged in return for, any of the foregoing; and (vi) if applicable, the right to participate in any future offerings of debt, securities or other rights by the Debtor. The Claim is based on amounts owed to Seller by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

**Proof of Claim.** Assignor represents and warrants that a Proof of Claim in the amount of $218.58 (No. 295) has been duly and timely filed in the Proceedings and a true and correct copy of such Proof of Claim is attached to this Assignment of Claim Agreement (the "Agreement"). If the Proof of Claim amount differs from the Claim Amount set forth above, Assignee shall nevertheless be deemed the owner of the Claim subject to the terms of this Agreement and shall be entitled to identify itself as the owner of such Claim on the records of the Court.

**Representations; Warranties and Covenants.** Seller further represents and warrants that (a) the Claim is listed on the Debtor's schedule of liabilities and any amendments thereto (the "Schedule") in an amount no less than $218.58 and no objections have been filed or threatened against Seller in respect of the Claim; (b) the Claim is a valid, undisputed, liquidated, non-contingent, allowable and enforceable general unsecured claim against the Debtor based on amounts owed to Seller for goods and/or services provided to the Debtor prior to the commencement of the Proceedings; (c) this Agreement has been duly authorized, executed and delivered by the Seller and Seller has the requisite power and authority to execute, deliver and perform this Agreement; (d) this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (e) no payment or distribution has been received by Seller or on behalf of Seller in full or partial satisfaction to the Claim; (f) Seller has not previously sold, assigned, transferred or pledged the Claim, in whole or in part, to any third party; (g) Seller is the sole owner and has good title to the Claim free and clear of any and all liens, security interests, claims or encumbrances of any kind or nature whatsoever including without limitation, pursuant to any factoring or other financing agreements, and upon the sale of the Claim to Buyer, Buyer will receive good title to the Claim; (h) Debtor, or any other third party, has no basis to assert the Claim is subject to any defense, claim or right of setoff, reduction, impairment, disallowance, subordination or avoidance, including preference actions, whether on contractual, legal or equitable grounds; (i) Seller has not engaged in any acts or conduct or made any omissions that might result in Buyer receiving proportionally less in payments or distributions under, or less favorable treatment for, the Claim than is received by other unsecured creditors against the Debtor; (j) Seller is not "insolvent" within the meaning of Section 1-201 (23) of the Uniform Commercial Code or within the meaning of Section 101(32) of the Bankruptcy Code; (k) Seller has fully performed and satisfied all of its obligations (if any) to the Debtor; and (l) Buyer shall not assume or be responsible for any obligations or liabilities of Seller related to or in connection with the Claim, the Claim Documentation or the Proceedings; and (m) Seller is not an "insider" of the Debtor, as set forth in the United States Bankruptcy Code Section 101(31), or a member of any official or unofficial committee in connection with the Case. Seller agrees to indemnify Buyer from all losses, damages and liabilities (including, but not limited to, attorney's fees and expenses) which result from the breach of any representation, warranty or covenant by Seller as set forth herein.

The Parties are aware that the Purchase Price received herein may differ both in kind and amount from any distributions ultimately made pursuant to any plan of reorganization or liquidation confirmed by the Court in the Proceedings. Seller and Buyer each acknowledge that the other may possess material non-public information concerning the Claim and/or the financial condition or prospects of the Debtor. Seller has agreed to the Purchase Price based on its own independent investigation and credit determination.

**Claim Impaired or Allowed for an Amount Less than Claim Amount.** Buyer will assume all of the recovery risk in terms of the amount paid on the Claim, if any, at Debtor's emergence from bankruptcy or liquidation. Seller agrees to make to Buyer immediate proportional restitution and repayment of the Purchase Price to the extent that (a) the Claim or Claim Amount is disallowed, avoided, subordinated, reduced, disputed, objected to or otherwise impaired for any reason whatsoever, in whole or in part, including without limitation a breach of any of the terms or conditions of this Agreement, or (b) the Claim or Claim Amount is subsequently scheduled by Debtor or is amended such that all or any portion of the Claim is listed on the Debtor's Schedule as unliquidated, contingent or disputed or listed on the Schedule in a lesser amount than the Claim Amount (each (a) and (b) a "Disallowance"), together with interest, calculated at the rate of 3% per annum, from the date of this Agreement to the date of repayment. Seller further agrees to reimburse Buyer for all costs and expenses incurred by Buyer as a result of Seller's failure to make proportional restitution or repayment within 15 days after receiving notice of such Disallowance. Additionally, in the event Seller has previously sold, assigned, hypothecated or factored the Claim, Seller shall immediately pay to Buyer liquidated damages in the amount of double the consideration paid by Buyer hereunder. Should it be determined that any transfer by the Debtor to the Seller is or could have been avoided as a preferential payment, Seller shall repay such transfer to the Debtor. In the event the Claim is ultimately allowed in an amount in excess of the Claim Amount purchased herein, Seller is hereby deemed to sell to Buyer, and, at Buyer's option only, Buyer hereby agrees to purchase, the

## ASSIGNMENT OF CLAIM AGREEMENT

balance of said Claim at the same percentage of Claim paid herein. Buyer shall remit such payment to Seller upon Buyer's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection by the Debtor.

**Notices (including Voting Ballots) Received by Seller; Further Cooperation.** Seller agrees to immediately forward to Buyer any and all notices received from Debtor, the Court or any other court or government entity or any third party regarding the Claim and to take such other action, with respect to the Claim, as Buyer may request from time to time. Seller agrees to execute, acknowledge and deliver all such further certificates, instruments and other documents, and to take all such further action as may be reasonably necessary or appropriate to effect sale of the Claim to Buyer, and if for any reason, Seller (and not Buyer) is entitled to exercise any such rights after the date hereof (including, without limitation, the right to vote) Seller agrees to duly and timely exercise such rights or refrain from acting as directed by Buyer. Seller agrees that in the event Seller shall receive any payments or distributions with respect to the Claim after the date hereof, Seller agrees to accept the same as Buyer's agent and to hold the same in trust on behalf of and for the benefit of Buyer. Seller agrees to deliver the same forthwith to Buyer in the same form received, within 2 business days in the case of cash and within 5 business days in the case of securities, which are in good deliverable form, together with any endorsements or documents necessary to transfer such property to Buyer.

**Limited Power of Attorney.** Seller hereby irrevocably appoints Buyer as its true and lawful attorney with respect to actions relating to the Claim and authorizes Buyer to act in Seller's name to demand, sue for, compromise and recover all such amounts which now are, or may hereafter become due and payable for, or on account of the Claim. Seller grants unto Buyer full authority to do all things necessary to enforce the Claim and Buyer's rights thereunder pursuant to this Agreement. Seller agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Buyer. Buyer shall have no obligation to prove, defend or take affirmative action with respect to proving the Claim's validity or amount in the Proceedings.

**Governing Law, Personal Jurisdiction and Service of Process.** This Agreement shall be construed and the obligations of the Parties hereunder shall be determined in accordance with the laws of the State of New York without reference to any conflicts of law provisions. Any action arising under or relating to this Agreement must be brought in a State or Federal court located in New York County in the State of New York. Each party hereto consents to service of process by certified mail at its address listed above. Each party hereto irrevocably and unconditionally waives its right to trial by jury and consents to the jurisdiction of the courts located in the State of New York in any action to enforce, interpret or construe any provision of this Agreement.

**Execution of Agreement.** This Agreement shall become effective and valid when (a) Seller executes this Agreement and it is received by Buyer and (b) the Agreement is executed by a proper representative of Buyer.

**Consent and Waiver.** Seller hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives (a) its right to raise any objections hereto and (b) its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

**Miscellaneous.** Seller agrees that this Agreement and all its terms are confidential and may not be disclosed, except to Seller's advisors, without the prior written consent of Buyer. Purchaser shall have the right to all remedies including specific performance and other injunctive and equitable relief without a showing of irreparable harm or injury and without posting a bond. Each party expressly acknowledges and agrees that it is not relying upon any representations, promises, or statements (including the status of the Proceedings, condition of Debtor or any other matter relating to the Debtor, the Proceedings or the Claim), except to the extent that the same are expressly set forth in this Agreement, and that each party has the full authority to enter into this Agreement and that the individuals whose signatures appear below hereby expressly represent that they have the authority to bind the party for which they sign this Agreement. This Agreement (a) may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the Parties; (b) constitutes the entire agreement and understanding between the Parties hereto with respect to the subject matter hereof; and (c) supersedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. Seller hereby acknowledges that Buyer may at any time re-assign the Claim, or any portion thereof, together with all right, title and interest of Buyer in and to this Agreement. All representations and warranties made herein shall survive the execution and delivery of this Agreement and any such re-assignment. The terms of this Agreement shall be binding upon, and shall inure to the benefit of and be enforceable by Seller, Buyer and their respective successors and assigns. This Agreement may be executed in counterparts and by telecopy, or other commonly acceptable form of electronic transmission, each of which shall be deemed an original and all of which taken together shall be deemed to constitute a single agreement. Failure or delay on the part of the Buyer to exercise any right, power or privilege hereunder shall not operate as a waiver thereof.

IN WITNESS WHEREOF, the undersigned hereunto set its hand this __25__ day of __Sept__, 2010.

Saw Sales & Machinery Co, ("Seller")

By _____
Signature

__Michael E. Giza      Pres__
Print Name and Title

__724-443-3200__
Telephone / Email

Richard W. Falk-Wallace ("Buyer")

__Richard Falk-Wallace__
Signature

__Richard W. Falk-Wallace__
Print Name

__917-679-1281 / rwf2110@columbia.edu__
Telephone / Email