**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEC HOLDINGS CORP., *et al.*,[1] | Case No. 10-11890 (PJW) |
| Debtors. | Jointly Administered |
| | **Re: Docket Nos. 963, 1006, 1024 & 1030**, 1037 |

**ORDER DENYING NEV HOLDINGS, LLC'S AND NE OPCO, INC'S <u>CROSS MOTION TO COMPEL ARBITRATION</u>**

Upon consideration of the *Debtors' Motion for an Order Enforcing Sale Order and Asset Purchase Agreement and Directing Working Capital Arbiter to Make Its Decision Consistent Therewith* [Docket No. 963] (the "**<u>Motion</u>**"), *NEV Holdings, LLC's and NE Opco, Inc's (I) Cross-Motion to Compel Arbitration* (the "**<u>Cross-Motion</u>**") *and (II) Objection to Debtors' Motion for an Order Enforcing Sale Order and Asset Purchase Agreement and Directing Working Capital Arbiter to Make Its Decision Consistent Therewith* [Docket No. 1006], *Debtors'*

---

1 The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: NEC Holdings Corp., a Delaware corporation (6395); National Envelope Corporation, a New York corporation (5935); National Envelope – WH LLC, a New York limited liability company (9721); National Envelope – AECO LLC, a Delaware limited liability company (9071); National Envelope – Chino LLC, a California limited liability company (9266); National Envelope – City of Industry, LLC, a California limited liability company (9710); National Envelope – Ennis LLC, a Delaware limited liability company (3868); National Envelope – Corsicana LLC, a Texas limited liability corporation (9716); National Envelope – Grand Prairie LLC, a Texas limited liability company (9258); National Envelope – Aurora LLC, a Colorado limited liability company (9712); National Envelope – Lenexa LLC, a Kansas limited liability company (9256); National Envelope – Appleton LLC, a Wisconsin limited liability company (9719); National Envelope – Elk Grove Village LLC, an Illinois limited liability company (9262); National Envelope – Scottdale LLC, a Pennsylvania limited liability company (9711); National Envelope Corporation – East, a New Jersey Corporation (6888); National Envelope – Specialties Group LLC, a Delaware limited liability company (9156); National Envelope – Houston LLC, a Texas limited liability company (9210); National Envelope – Shelbyville Equity LLC, a Delaware limited liability company (9255); National Envelope – Exton Equity LLC, a Delaware limited liability company (9354); National Envelope – Nashville Equity LLC, a Delaware limited liability company (9410); National Envelope – Houston Equity LLC, a Delaware limited liability company (9488); National Envelope – Leasing LLC, a Delaware limited liability company (9542); New York Envelope Corporation, a New York corporation (3186); National Envelope Corporation – North, a Massachusetts corporation (1548); National Envelope Corporation – South, a Georgia corporation (5404); National Envelope Corporation – Central, a Missouri corporation (8259); Old Colony Envelope Corporation, a Massachusetts corporation (1748); and Aristocrat Envelope Corporation, a New York corporation (9284). The mailing address for National Envelope Corporation is National Envelope Corporation, c/o Getzler Henrich & Associates, LLC, 295 Madison Avenue, 20th Floor, New York, NY, 10017 (Attn: Mark Samson and Dale Nissenbaum).

*(I) Objection to NEV Holdings, LLC's and NE OPCO, Inc.'s Cross-Motion to Compel Arbitration and (II) Reply to NEV Holdings, LLC's and NE Opco, Inc.'s Objection to Debtors' Motion for an Order Enforcing Sale Order Capital Arbiter to Make Its Decision Consistent Therewith* [Docket No. 1024] and *NEV Holdings, LLC's and NE Opco, Inc.'s Reply to Debtors' Objection to NEV Holdings, LLC's and NE Opco, Inc.'s Cross-Motion to Compel Arbitration* [Docket No. 1030]; and the Court made findings on the record at the hearing on January 20, 2011; and sufficient cause appearing therefore:

IT IS HEREBY ORDERED THAT:

1. The Cross-Motion is denied.

2. The issues raised in the Motion and the subsequent replies will be heard at the hearing to be held on February 23, 2011 at 3:00 p.m.

3. This Court shall retain exclusive jurisdiction over the Motion, the Cross-Motion and this Order.

Dated: January 25 2011
Wilmington, Delaware

PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE